STATE OF MINNESOTA ex rel. INGEBORG J. SYLTE v. GORHAM POWERS.[1]

October 21, 1897.

Nos. 10,728—(17).

**Appeal—Settlement of Case—Time.**
    G. S. 1894, § 5400, requires a proposed case to be served within 20 days after the trial. A party has no absolute right to propose, serve, and have settled a case after the expiration of the 20 days, unless his time to do so has been extended by stipulation or order of the court. Where he appeals from a judgment, he cannot, as a matter of right, propose a case at any time before the expiration of the six months in which an appeal might have been taken.

[1] Reported in 72 N. W. 705.

**Same—Extension of Time.**
> The granting or refusing of a motion for leave to propose and settle a case after the time limited by the statute is within the discretion of the trial court, and nothing but a clear abuse of such discretion will justify the interference of this court.

**Same—Discretion of Trial Court.**
> *Held*, that the trial court did not abuse his discretion in denying such a motion in this case.

Application by the state, on the relation of Ingeborg J. Sylte, for writ of mandamus to Gorham Powers, as judge of the Twelfth judicial district, to settle and allow a proposed case. Writ discharged.

*Henry J. Gjertsen,* for relator.

*U. L. Lamprey,* for respondent.

START, C. J.

An alternative writ of mandamus was issued herein to the respondent, as judge of the Twelfth judicial district, requiring him to settle and allow a proposed case and exceptions in an action wherein A. Anderson was plaintiff and the relator herein was defendant, or show cause to the contrary. The respondent made return to the writ, setting forth certain facts as a reason why he ought not now to settle and allow such case. The relator, by her reply, substantially admits the truth of the return.

It appears from such return and the admitted facts in the petition that on February 18, 1897, a verdict was returned in the case referred to, and a stay of 25 days granted, in which to make and settle a case. On March 18 the relator's attorney applied to the respondent by mail and ex parte for an order extending the time for settling a case on the ground that he had been unable to get from the reporter a transcript of the record, which was denied, for the reason that rule 43 of the district courts forbade the making of the order without notice to the opposite party. Thereupon the relator, on April 3, mailed a notice of a motion for such additional time to the attorney of the plaintiff, returnable on April 12. On the return day this motion was dismissed on the ground that the service of the motion was insufficient. On April 22 relator's attorney wrote to the respondent, asking what disposition had been made of his motion, to which the respondent replied on April 23, advising

him of the order made. On the next day the attorney wrote to respondent, asking when and where he would hear a renewal of the motion, to which the respondent answered within a few days, giving the desired information, naming several days during May and up to June 7, when he would hear the motion. On May 19 relator's attorney gave notice to plaintiff's attorney of a motion returnable June 7 for an extension of the time in which to settle a case, and in the notice stated that the proposed case served with the notice would, unless amendments were proposed thereto, be presented for allowance on the return day of the motion. The plaintiff's attorney neither proposed amendments to the proposed case nor returned it. This motion, by the written stipulation of the parties, was submitted on written briefs, with the privilege to the plaintiff's attorney of objecting to the hearing of the motion on the ground that the time for serving a proposed case had expired, and that no diligence had been shown by the relator in the premises. On July 24, 1897, the respondent denied the motion for reasons stated in his order, which are as follows:

"The cause is before the court upon the motion of the defendant, Ingeborg J. Sylte, for an order allowing and settling a proposed case, and extending the time in which defendant may present such proposed case up to June 7th. Said motion was noticed to be heard at Montevideo, Minn., June 7th, but by stipulation has been submitted on briefs furnished by counsel for the respective parties. The history of this case since the trial in February last, as shown by the files and records herein, shows, in my opinion, the grossest laches on the part of the defendant, and to grant her the relief now asked for would be an abuse of discretion, and offering a premium for the worst kind of negligent practice in the future. If I had time, I would review the history of this case; but it is well known to counsel for both parties. Suffice it to say that the defendant has not shown any reasonable excuse for her long delay, either in presenting the case for settlement or in obtaining an extension of time in which to do so. The stenographer furnished defendant with a transcript of the evidence March 27th. No excuse is offered, or explanation attempted, to show why the defendant delayed from the date of the order made April 12th until May 19th, the date of her present motion. Wherefore it is ordered that defendant's motion be, and hereby is, in all respects denied."

On August 14 the relator filed his petition for the alternative writ of mandamus in this case.

Judgment in the original action was entered March 19, 1897, from which he appealed. The relator obtained a transcript of the evidence and record March 27, 1897. The relator claims that because of the appeal from the judgment he had the absolute right to propose and have settled a case and exceptions at any time during the six months in which an appeal could be taken.

The statute (G. S. 1894, § 5400) requires a proposed case to be served within 20 days after the trial, and a party has no absolute right to prepare and have settled a case after the expiration of the 20 days, unless his time to do so has been extended by stipulation or order of the court. Van Brunt v. Kinney, 51 Minn. 337, 53 N. W. 643. The granting or refusing of a motion for leave to prepare and have settled a case after the time limited by the statute is within the discretion of the trial court, and nothing but a clear abuse of such discretion will justify the interference of this court. Irvine v. Myers, 6 Minn. 394 (558). The admitted facts in this case fall far short of showing any abuse or arbitrary exercise of his discretion by the trial court.

The retention of the proposed case by the plaintiff's attorney was not a waiver of the objection that it was not proposed in time. See State v. Baxter, 38 Minn. 137, 36 N. W. 108. There was no admission of "due service," as in the case cited; and, further, the proposed case was served with, and as a part of, a motion to have the time extended in which to propose and settle a case.

Again, the right to urge the fact that the case was not proposed in time, and to insist on the laches of the relator on the hearing of the motion, were, by the stipulation of the parties, expressly reserved.

It does not appear from the record that the fact that plaintiff's attorney retained the proposed case was called to the attention of the respondent.

Writ discharged.