C. N. McLAUGHLIN v. MATTIE E. NICHOLSON and Others.[1]

November 10, 1897.

Nos. 10,699—(102).

**Review—Entry of Judgment—Error in Favor of Appellant.**
*Held*, a party cannot complain that the judgment entered by the clerk is more favorable to him than that ordered by the court; but, even if he could, he would have to apply to the court to make the judgment conform to the order before he could review the judgment on appeal.

**Foreclosure of Mortgage—Adverse Interest.**
In an action to foreclose a mortgage, the defendant C. B. claimed an adverse title prior and paramount to that of the mortgagor. Judgment was ordered and entered barring and foreclosing the defendants of all right and claim in the mortgaged premises except a right to redeem. *Held*, this judgment barred such adverse interest, and was therefore erroneous.

### Upon Application for Reargument.

December 6, 1897.

**Same—Estoppel.**
The fact that plaintiff in foreclosure voluntarily permitted defendant to set up an adverse title, which the latter was estopped to assert in that suit, did not authorize a judgment forever barring such adverse title.

Action in the district court for Wabasha county begun in 1895 by the administrator of the estate of William E. Wording, deceased, to foreclose a mortgage on 120 acres of land. The mortgage was executed in 1876 by defendant Nicholson and her husband in favor of

[1] Reported in 72 N. W. 827, 73 N. W. 1.

Mary C. Hallock. In 1877 the Nicholsons conveyed the mortgaged premises to defendant Charles Betcher, who assumed the mortgage. In 1881 her husband was appointed in New York administrator of the estate of the mortgagee, deceased, and his letters of administration were recorded in Wabasha county. He then in his individual capacity executed an assignment of the mortgage to William E. Wording, which was recorded in Wabasha county. The mortgage containing a power of sale Wording in 1883 attempted to foreclose it by advertisement, bid in the premises for $1,135.30, and recorded the sheriff's certificate. There was no redemption from the sale. Wording dying intestate in Dakota while residing there, one S. W. McLaughlin was appointed administrator with the will annexed of his estate in 1886 by the probate court of Dakota, and in 1895 upon the petition of that administrator plaintiff was appointed administrator with the will annexed by the probate court of Wabasha county.

In 1862 the federal government issued a patent of this land to one Mary Frenier, a woman of mixed blood. In 1868 she conveyed it to William A. Grant and Francis X. Brosseau by warranty deed in which David Faribault joined, he being described as her husband. This deed was never recorded. In 1873, Faribault not joining, she executed a power of attorney to Daniel G. Schillock authorizing him to sell and convey any land in the United States belonging to her, which was recorded in 1875. She died in 1873 but in 1875 Schillock, as her attorney in fact, executed a deed of this land to defendant Nicholson. On March 5, 1887, Grant and his wife executed to the defendant Campbell a quitclaim deed of the land, "except the southeast quarter of the northwest quarter of section 34." This deed was never recorded. On March 8, 1887, Campbell gave to defendant Betcher a lease of the land for one year and in January, 1894, executed a quitclaim deed of it to him. This deed was attested by but one witness and was not recorded.

At the beginning of the suit the wife of defendant Betcher was not made a party, but was subsequently made a party defendant by order of the court. None of the original defendants except Charles Betcher answered the complaint. In his answer, containing a general denial on information and belief, Betcher set up the

statutory foreclosure as a defense to the action. When his wife was made a party defendant, he and his wife answered the complaint jointly. Their answer omitted the defense and general denial contained in his former answer, but contained a prayer that plaintiff be restrained from foreclosing the mortgage and that the answering defendants be adjudged the owners of the land claimed by them through the Grant title. The court, Gould, J., found that plaintiff was entitled to recover from defendants Charles Betcher and the Nicholsons the sum of $1,725, directed a foreclosure of the mortgage by sale of the land, and that the defendants be barred of all equity of redemption, save within one year after the sale in accordance with the statute. The judgment was entered as stated in the first opinion. From this judgment defendants Betcher appealed. Modified.

*J. T. Bowditch* and *Campbell & Campbell*, for appellants.

When appellants claim rights not under the mortgage, but by an adverse claim, no judgment can be entered against them. Banning v. Bradford, 21 Minn. 308. Mary Frenier being dead prior to the making of the deed by Schillock to Nicholson, Schillock's authority under her power of attorney was concluded prior to the date of the execution of the deed, so that no title passed by the latter could convey any right, title or interest to Mary C. Hallock by the pretended mortgage which is the basis of this action. 1 Field, Law Brief, § 234; Davis v. Windsor, 46 Vt. 728; Brayley v. Kelly, 25 Minn. 160; Rochester v. Martin, 13 Minn. 54 (59). The deed from Grant to Campbell and Campbell to Betcher conveyed all title to said land. Williams v. Murphy, 21 Minn. 534; Knoblauch v. Foglesong, 37 Minn. 320. It was error of the court to hold that the Betchers were bound by the pretended assumption of an obligation wherefrom they received no benefit whatever. Ranney v. Peyser, 83 N. Y. 3; Boston v. Dodge, 1 Blackf. 19; Hannan v. Hannan, 123 Mass. 441; Moody v. Webster, 3 Pick. 425; Rice v. West, 14 Pick. 293; Trask v. Vinson, 20 Pick. 105.

The court erred in disregarding the separate answer of Charles Betcher, especially as it appears that the joint answer was made necessary by order of the court and therefore was merely supple-

mentary to the separate answer. 2 Estee, Pl. §§ 3739, 3790; Cullom v. Bixby, 33 Minn. 50; G. S. 1894, § 5236. When findings of fact and findings of law are inconsistent or irreconcilable the findings of fact will control. Johnston v. Milwaukee, 46 Neb. 480; Lynch v. Chicago, 8 Ind. App. 516; Chicago v. McGinnis, 49 Neb. 649.

The sale by Grant to Campbell was, in itself, such a hostile act as amounted to eviction, as also did the sale under the former foreclosure of this mortgage. Green v. Irving, 54 Miss. 450; Rogers v. Hill, 4 Mass. 349; Thomas v. White, 3 Litt. (Ky.) 177; Gilliam v. Bird, 49 Am. Dec. 387, note 3; Rigg v. Cook, 4 Gilman, 336; Carrier v. Jackson, 4 Pet. 1; Crane v. Lessee, 6 Pet. 598; Coakley v. Perry, 3 Oh. St. 344; Springstein v. Schermerhorn, 12 Johns. 357; Ward v. McIntosh, 12 Oh. St. 231.

*Brown & Abbott* and *J. A. Sawyer*, for respondent.

The separate answer of appellant Charles Betcher was waived and superseded by the subsequent joint answer of both appellants. The principle is the same as that in case of an amended pleading. Brown v. Saratoga, 18 N. Y. 495; Smith v. Wigton, 35 Neb. 460; Wells v. Applegate, 12 Ore. 208; First v. Western, 30 Oh. St. 555; Mecham v. McKay, 37 Cal. 154; Jockers v. Borgman, 29 Kan. 109. There was full consideration for appellants' covenant to pay this mortgage. The deed to them is one of full covenants of warranty. An action upon those covenants has at all times been open to appellants. Erickson v. Brandt, 53 Minn. 10. Under this deed they obtained possession, which constitutes a sufficient consideration. Again, the amount of the mortgage became a portion of the purchase price. Even a quitclaim deed would have afforded sufficient consideration. Hulett v. Hamilton, 60 Minn. 21, and cases cited page 23. The additional security thus created passed with the assignment to Worden. Lahmers v. Schmidt, 35 Minn. 434; Conner v. Howe, 35 Minn. 518; 1 Jones, Mort. (4th Ed.) § 750 and cases cited. Nicholson, appellants' grantor, being lawfully bound to pay the mortgage, appellants are estopped to assert its invalidity, Alt v. Banholzer, 36 Minn. 57, and are estopped to deny title in the mortgagor Nicholson. Carson v. Cochran, 52 Minn. 67. Nor could appellants acquire any subsequent title which they can assert to defeat

the mortgage. MacEwen v. Beard, 58 Minn. 176. Appellants are estopped to deny title in their grantors, the mortgagors in this·mortgage, upon the principle asserted in Mitchell v. Chrisholm, 57 Minn. 148; Thompson v. Ellenz, 58 Minn. 301. Even were the issues raised by the separate answer of appellant Charles Betcher considered as in the case, yet the judgment is correct.

CANTY, J.

1. This is an action to foreclose a mortgage. In consideration of the conveyance to him, the appellant Charles Betcher, the grantee of the mortgagors, in the deed of conveyance assumed and agreed to pay the mortgage debt. On the trial the court ordered judgment that plaintiff recover of Betcher the amount of the mortgage debt and for foreclosure, but the judgment as entered does not adjudge that plaintiff recover of Betcher any sum whatever. This appeal is from the judgment.

Appellant Betcher complains of the order for judgment, and contends that he is not liable on his covenant to pay the mortgage— First, because his grantor never had any title, and never conveyed any, and that therefore the covenant is without consideration; and, second, because there was a prior valid foreclosure sale under the mortgage for a sufficient amount to pay the whole mortgage debt. These questions are not now in the case. The rights of the parties are merged in the judgment, which does not adjudge that plaintiff recover anything of Betcher. The latter cannot complain that the judgment is more favorable to him than the order for judgment. But, even if he could, he would have to apply to the court to make the judgment conform to the order before he could review that judgment on appeal, on the ground that it did not conform to the order. Harper v. Carroll, 66 Minn. 487, 60 N. W. 610; Bank v. Smith, 57 Minn. 376, 59 N. W. 311.

2. The court ordered judgment that the defendants be barred and foreclosed of all right, claim, lien, and equity of redemption in said mortgaged premises, and every part thereof, except only the right to redeem. As we construe the judgment entered, it is to the same effect. Betcher claims an adverse title, prior and paramount to that of the mortgagors; and, from the findings of the court, it would

seem that there is some merit in his claim. The point is made that the judgment as entered bars this adverse title, and is therefore erroneous. We are of the opinion that the point is well taken. See Hefner v. Northwestern, 123 U. S. 747, 8 Sup. Ct. 337. Under the circumstances, the judgment should have barred the defendants and all others claiming under them, since the filing of the notice of lis pendens herein, of all interests, rights, liens, and claims held by the mortgagors at the time of the execution of the mortgage, or derived from them since, or else the adverse claim of Betcher should have been expressly excepted from the effect of the judgment. The case should be remanded to the court below, with directions to modify its judgment in conformity to this opinion.

It is so ordered.

An application for reargument having been made, the following opinion was filed on December 6, 1897.

CANTY, J.

Respondent, in his petition for reargument, claims that, as Betcher went into possession under the title on which plaintiff is now attempting to foreclose, Betcher is, while he continues in possession, estopped from asserting his adverse title; and that therefore, as the parties have voluntarily litigated this adverse title, respondent is entitled to judgment forever barring it. Conceding, without deciding, that Betcher is estopped from asserting his adverse title in this action, it does not follow that plaintiff can permit him so to assert it, and then, by means of such estoppel, deprive him of it. The estoppel is against Betcher's asserting it in this action, not against his continuing to hold it; and plaintiff cannot use such doctrine of estoppel as a means by which to hold Betcher up, and deprive him of that title.

The petition for a reargument is denied.