LIDA C. ROGERS v. RALPH HEDEMARK and Another.[1]

December 13, 1897.

Nos. 10,494—(10).

**Appealable Order—Motion for Additional Findings.**

An order denying a motion for additional findings is not appealable.

**Mortgage—Foreclosure—Payment of First Mortgage Note after Foreclosure of Second Mortgage—Subrogation.**

Defendants made a first mortgage to plaintiff, subsequently made a second mortgage to her on the same lot, and thereafter conveyed the lot to a third person. Thereafter plaintiff foreclosed the second mortgage under the power of sale, and bid in the lot at the foreclosure sale. Thereafter this action was brought to recover the amount due on the note secured by the first mortgage. The first mortgage was excepted from the covenant against incumbrances in the second mortgage, and the notice of foreclosure sale stated that the lot would be sold free from all incumbrances except the first mortgage. *Held*, on payment of the note defendants are entitled to be subrogated to plaintiff's rights under the first mortgage, and the order for judgment may so provide.

**Evidence—Proof of Value of Premises at Time of Foreclosure.**

*Held*, plaintiff having, under the circumstances, bid off the lot subject to the first mortgage, fixed for herself the value of the lot in making her bid, and it is immaterial in this action what the real value of the lot was at the time of the foreclosure sale.

Action in the district court for Hennepin county upon a promissory note for one thousand dollars and coupon note attached thereto. The defendants' answer is given in the opinion. The court, Jamison, J., having ordered judgment for plaintiff:

Plaintiff moved for additional findings and for a new trial, and from an order denying her motions, she appealed. Affirmed.

Defendants moved to amend the findings of fact and conclusions of law, and from an order denying their motion they appealed. Dismissed.

*Geo. H. Benton*, for appellant Rogers.

The notes were a complete contract independent of the mortgage.

[1] Reported in 73 N. W. 252.

Blumenthal v. Jassoy, 29 Minn. 177; Flanigan v. Sable, 44 Minn. 417. A mortgagee cannot be compelled to make an assignment of the mortgage to the mortgagor. Lamb v. Montague, 112 Mass. 352; Bigelow v. Cassedy, 26 N. J. Eq. 557; Butler v. Taylor, 5 Gray, 455; Ellsworth v. Lockwood, 42 N. Y. 89. Defendants' remedy is directly against their grantee on his implied promise to them to pay the mortgages. Baker v. Terrell, 8 Minn. 165 (195); Knoblauch v. Foglesong, 38 Minn. 459; London v. Fitzgerald, 55 Minn. 71; Lumbermen v. Sprague, 59 Minn. 208; Flanigan v. Sable, supra; National v. Nordin, 50 Minn. 336; Boyd v. Blake, 42 Minn. 1; Baker v. Northwestern, 36 Minn. 185; Davis v. Price, 10 Minn. 302 (376).

*Armstrong Taylor*, for appellants Hedemark.

Under the circumstances of this case, if the mortgage securing the note sued on was merged in the title acquired under the foreclosure of the second mortgage, then the note is paid. Babcock v. American, 67 Minn. 151; American v. Waleen, 52 Minn. 23; Corbin v. Reed, 43 Iowa, 459; Vanscoyoc v. Kimler, 77 Ill. 151. So far as defendants are concerned, the case stands on the pleadings, as any ordinary action where a party with mortgaged property has conveyed it subject to the mortgage. After such conveyance he stands as regards such property or the mortgage thereon in the relation of a surety, and if compelled to pay the note is entitled to be subrogated. Knoblauch v. Foglesong, 37 Minn. 320; Emmert v. Thompson, 49 Minn. 386; Wentworth v. Tubbs, 53 Minn. 388; London v. Fitzgerald, 55 Minn. 71; Heisler v. Aultman, 56 Minn. 454; London v. Tracy, 58 Minn. 201; Flanigan v. Sable, 44 Minn. 417.

CANTY, J.

The defendants made their joint promissory note to the order of plaintiff for one thousand dollars, and secured the payment of the same by a mortgage to plaintiff on a certain city lot then owned by them. Subsequently defendants made to plaintiff another note for two thousand dollars, and secured it by a second mortgage executed to plaintiff on the same lot. From the covenants against incumbrances in this mortgage the first mortgage was excepted. Thereafter defendants conveyed the lot to one Myers subject (as expressed in the deed) to both mortgages. There-

after plaintiff foreclosed the second mortgage under the power of sale therein contained, and at the foreclosure sale bid in the lot for the full amount due on the mortgage and the costs of foreclosure. The time to redeem expired, no redemption was made, and plaintiff became the owner of the lot. Thereafter plaintiff brought this action to recover of defendants the amount due on said note for one thousand dollars. Defendants, in their answer, set up all of the foregoing facts, and asked: First, that plaintiff take nothing by this action; and, second, that they be subrogated to the rights of plaintiff under the first mortgage.

On the trial before the court without a jury the court ordered judgment for plaintiff, but conditioned that before the entry of judgment she deposit with the clerk of the court an assignment of the note and first mortgage securing the same to defendants, to be delivered to them on payment by them of the judgment.

1. Defendants moved the court to make additional findings to the effect that the note in suit was by said transaction fully paid, and appeal from an order denying the motion. As to this appeal, it is only necessary to say that the order was not appealable.

2. Plaintiff also moved the court to make additional findings and appeals from the order denying the motion, and also from an order denying a new trial.

The order denying the motion to amend the findings not being appealable, it is only necessary to consider the order denying a new trial, and the only question worthy of consideration under the appeal is whether, on the facts above recited, plaintiff is entitled to judgment for the amount of the note, without any condition of subrogation being attached to it. We are of the opinion that she was not. Such a provision for subrogation may be made in a proper case. Knoblauch v. Foglesong, 37 Minn. 320, 33 N. W. 865. This was such a case. If the second mortgage covenanted against the incumbrance of the first mortgage, the case might be different; but it did not so covenant. On the contrary, the first mortgage is expressly excepted from the covenants of the second mortgage.

Again, the notice of said foreclosure sale stated that the premises would be sold free from all incumbrances except the first mortgage. The lot had already been sold by defendants to Myers, subject to

both mortgages. Under these circumstances, it became the primary fund for the payment of the mortgage incumbrance, and on paying the mortgage indebtedness the defendants will be entitled to be subrogated to plaintiff's rights under the mortgage.     Baker v. Terrell, 8 Minn. 165 (195); Baker v. Northwestern, 36 Minn. 185, 30 N. W. 464.

We cannot hold that this rule is changed by the fact that plaintiff held both mortgages, or by the fact that she has foreclosed the second mortgage, and has herself bid in the property on the foreclosure sale. If some one else had purchased the property on that foreclosure sale, plaintiff would still be entitled to foreclose her first mortgage.     What is the difference whether plaintiff bid off the property on the foreclosure of the second mortgage, or some one else bid it off? Plaintiff's rights under the first mortgage and defendants' right to subrogation under it when they pay the note secured by it are the same in either event. Again, if Myers had redeemed from this foreclosure sale within the year, the rights of plaintiff under her first mortgage would be precisely the same as they are now.

3. The court found the value of the lot at the time of the foreclosure sale to be four thousand dollars. Appellant assigns as error certain rulings of the court in admitting evidence as to its value. We are of the opinion that evidence as to its value is immaterial. The lot was, in fact, bid off at the foreclosure sale subject to the first mortgage. The purchaser, when making her bid, fixed the value for herself; and whether she got a good or a bad bargain is now immaterial. It was not the case of a strict foreclosure, where the property was taken at what it was worth, not at a designated price.

The order denying a new trial should be affirmed, and the appeals from the other two orders should be dismissed.

So ordered.