FANNY A. WHEADON v. WARREN H. MEAD.[1]

January 26, 1898.

Nos. 10,801—(252).

**Appealable Order—Refusal to Amend Conclusions of Law.**
.An order denying a motion to amend the trial court's conclusions of law is not appealable.

**Appeal from Judgment—Review of Conclusions of Law Not Embraced in the Judgment.**
The rights of the parties to an action are merged in the judgment, which is the conclusion of law upon the facts found, and upon an appeal from the judgment, where there is no case or bill of exceptions, only the conclusions of law embraced in the judgment can be reviewed, on the ground that they are not supported by the facts found.

In an action in the district court for Ramsey county findings were made by Kelly, J., ordering judgment to be entered for the plaintiff for $1,000, and interest, and providing that upon such entry the defendant have and hold as his own a certain assignment of mortgage. After judgment had been entered for said sum the plaintiff moved to amend the conclusions of law in the findings so as to provide that the defendant should have the assignment of mortgage upon payment of the judgment. From an order denying the motion, and also from the judgment, the plaintiff appealed. Judgment affirmed, and appeal from the order dismissed.

*William G. White*, for appellant.

*Warren H. Mead*, pro se, respondent.

STAKT, C. J.

This action was brought to recover $1,000, which was intrusted by the plaintiff to the defendant to be loaned by him for her upon good and sufficient real-estate mortgage security.

. The trial court found that the defendant did loan the money to Curtis G. Lewis and his wife, Loretta G. Lewis, and took their promissory note therefor, payable to the plaintiff, secured by a real-estate mortgage executed by the wife of Lewis alone to the

[1] Reported in 73 N. W. 975.

plaintiff; and, further, that the title to the mortgaged premises was defective and unmarketable, and that the value of such real estate was not then, and never had been, sufficient to secure the payment of the money so loaned. When the plaintiff learned the facts as to the title and value of the mortgaged premises, she repudiated such loan, and demanded of the defendant the payment of the money so intrusted to him, and filed in court in this action, for his use and benefit, the mortgage, duly assigned to him, with an assignment of a judgment recovered on the note.

As conclusions of law the trial court found:

"That the plaintiff have judgment against the defendant for the sum of one thousand ($1,000) dollars, together with interest thereon at the rate of seven per cent. per annum from the 1st day of January, A. D. 1895, together with her costs and disbursements. And that upon the entry of said judgment the defendant have leave to withdraw and hold as his own the said note and mortgage and the assignment thereof, and the assignment of the said judgment hereinbefore referred to, and which have been filed herein as exhibits. Let judgment be entered accordingly."

Thereafter, and on June 22, 1897, the plaintiff caused a money judgment exclusively to be entered in her favor and against the defendant, wholly disregarding the second subdivision of the conclusions of law giving the defendant leave to withdraw the mortgage and assignments as his own, on the entry of the judgment. After the judgment was so entered, and on July 3, 1897, the plaintiff moved the court to amend, not the judgment, but the second subdivision of its conclusions of law, so as to provide that upon the payment of the judgment the defendant should be entitled to the mortgage and the assignments. The trial court made its order denying the motion, from which plaintiff appealed, and also from the judgment.

It is conceded, as it must be (see Rogers v. Hedemark, 70 Minn. 441, 73 N. W. 252), that the order is not appealable. The plaintiff, however, claims that the correctness of the conclusion of law can be reviewed on the appeal from the judgment. If the direction of the trial court for judgment had been followed, and judgment entered to the effect that the defendant was entitled to the mort-

gage, the conclusion of law complained of could be so reviewed. But such is not this case. The rights of the parties are merged in the judgment, which conclusively includes the final conclusions of the court as to the law of the case. The judgment is the conclusion of the law upon the facts found, and upon an appeal from it, where there is no settled case or bill of exceptions, only the conclusions of law necessarily embraced in the judgment can be reviewed on the ground that they are not supported by the facts found by the court. McLaughlin v. Nicholson, 70 Minn. 71, 72 N. W. 827. The only conclusion of law embraced in the judgment appealed from in this case is that the plaintiff is absolutely entitled to recover from the defendant $1,000. It is not claimed by either party that this conclusion is not supported by the facts found.

Therefore the judgment must be affirmed, and the appeal from the order refusing to amend the conclusions of law dismissed. So ordered.