BISHOP IRON COMPANY v. THOMAS W. HYDE and Others.

April 22, 1898.

Nos. 10,959—(56).[1]

**Judgment—Unauthorized Entry by Clerk—Remedy—Appeal.**

 The decision on the former appeal, 66 Minn. 24, adhered to. Where the judgment entered by the clerk is unauthorized by the verdict, findings, or order of the court, the remedy is by application to the trial court to correct or vacate the judgment, and, unless such application has been made, this court will not consider the question on appeal.

Appeal by defendant Thomas W. Hyde from two judgments of the district court for St. Louis county, one in favor of plaintiff entered pursuant to the findings and order of Ensign, J., and the other entered by the clerk in favor of the defendants, other than appellant, Hyde, upon an order of the court sustaining their demurrer to the cross bill of said Hyde. Affirmed.

*John Brennan* and *John Jenswold, Jr.,* for appellant.

*Draper, Davis & Hollister,* for respondent Bishop Iron Company.

*White & McKeon,* for the other respondents.

MITCHELL, J.

Every question presented by the first ten assignments of error is covered by the decision on the former appeal (66 Minn. 24, 68 N. W. 95).

By the eleventh assignment of error it is sought to make the point that the judgment entered by the clerk in favor of the respondents, other than the plaintiff, was not the proper one to enter upon the order sustaining their demurrer to the defendants' cross bill. The error complained of was not that of the court, but that of the clerk, and the remedy is not by appeal from the judgment, but by application to the trial court to have the judgment corrected; and, unless the power of that court has been thus invoked, this court will not consider the question on appeal from the judgment. Scott v. Minneapolis, 42 Minn. 179, 43 N. W. 966.

Judgment affirmed.

[1] April, 1898, term.