ANDREW JOHNSON v. FRED GROTH.[1]

October 25, 1907.

Nos. 15,322—(233).

**Discretion of Court—Motion for New Trial.**

*Held,* that the trial court did not abuse its discretion in denying the defendant's motion for an order vacating the judgment herein and extending the time within which the defendant might settle a case and move for a new trial.

Action in the district court for Carver county to restrain defendant from obstructing the outlet of a certain lake and for damages. From an order, Morrison, J., denying a motion to vacate and set aside the judgment and extending the time within which defendant might settle a case and move for a new trial, defendant appealed. Affirmed.

*S. R. Child* and *Benj. Drake,* for appellant.

*W. C. Odell,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court of the county of Carver denying the defendant's motion for an order setting aside the judgment herein and extending the time within which the defendant might settle a case and move for a new trial. The action was brought to restrain the defendant from obstructing the outlet of a certain lake and for damages. On October 30, 1905, the trial court made and filed its findings of fact, and as a conclusion of law directed judgment in favor of the plaintiff for the relief prayed. The parties stipulated, and the court ordered, that proceedings be stayed until January 21, 1906, for the purpose of enabling the defendant to settle a case or bill of exceptions and make a motion for a new trial. On April

[1] Reported in 113 N. W. 452.

11, 1906, and not before, a proposed case was served upon the plaintiff's attorneys, which was promptly returned to the defendant's attorney. On April 18, 1906, judgment was entered in accordance with the order therefor, and the defendant appealed from the judgment September 25, 1906. On May 14, 1906, the defendant made a motion for an order vacating the judgment and extending the time in which to settle a case, which was heard upon affidavits and oral testimony and submitted to the court for its decision in July, 1906, and on September 7, 1906, the court made its order denying the motion.

It is apparent that the defendant's strict legal right to serve and have settled a proposed case expired at the time designated in the stipulation, January 21, 1906, some six weeks before R. L. 1905, § 4202, went into effect. Therefore the motion here in question was addressed to the discretion of the trial court. State v. Kelly, 94 Minn. 407, 409, 103 N. W. 15. The only question, then, presented by the record, is whether the trial judge abused his discretion in denying the motion. Nothing but a clear abuse of such discretion will justify the interference of this court with the decision of the trial court. State v. Powers, 69 Minn. 429, 72 N. W. 705; State v. Powers, infra, page 509, 113 N. W. 1135. The defendant sought to excuse his apparent laches in getting a case settled in due time on the ground that he was unable seasonably to secure from the official stenographer of the court a transcript of the evidence given on the trial of the case. We have considered the evidence which was presented to the court on the hearing of the motion, and we are of the opinion that it does not show an abuse of discretion by the trial court, within the rule stated.

Order affirmed.