STATE ex rel. ALEX McDOUGALL and Others v. JAMES H. QUINN.[1]

April 30, 1909.

Nos. 16,246—(211).

**Mandamus—Settling Proposed Case.**

In proceedings to compel a trial judge to sign and certify a "case" as one containing all the evidence offered or received upon the trial, or pertinent to specific questions sought to be raised, the burden is upon the moving party to satisfy this court that his proposed case in fact contains all the evidence.

[1] Reported in 120 N. W. 1088.

**Certificate of Judge.**

> It is not the duty of the trial judge affirmatively to point out wherein the case is incomplete. His certificate that it does not conform to the truth is final, unless overcome by competent proof.

**Order not Reviewable in Mandamus.**

> An order of the trial judge denying a motion to amend a proposed case, after the time limited for the service thereof, or to extend the time and permit a new case to be proposed, is not reviewable in mandamus proceedings to compel an allowance and settlement of the case.

In the action of Nels Johnson v. Mary V. Roche, which was tried in the district court for Jackson county before Quinn, J., findings were filed and judgment was ordered in favor of plaintiff for the sum of $4,390.61, and thereafter judgment was entered therein pursuant to the findings. Subsequently judgment was ordered and entered for the same sum against George W. Wilson & Son, garnishees, upon their disclosure. Thereupon the proceedings stated in the first paragraph of the opinion were taken. Upon the return day of the order to show cause why the writ of mandamus should not issue, the order to show cause was discharged.

*Geo. W. Wilson & Son*, for plaintiffs.
*Knox & Faber*, for respondent.

BROWN, J.

This action was tried before the court below without a jury at the January, 1908, general term, and resulted in a judgment for plaintiffs, pursuant to findings and order therefor filed August 31, 1908. Thereafter a "case" purporting to contain all the evidence pertinent to certain of the findings to which exceptions were taken was served upon plaintiffs' counsel, who refused to accept the same on the ground and for the reason that it was served too late. No amendments were therefore proposed. Thereafter due notice was given that the proposed case would be presented to the trial judge for settlement and allowance on December 4, 1908, at which time counsel for plaintiffs appeared and opposed the allowance or settlement on the ground that the proposed case was not served in time. The court took the matter under advisement, and thereafter overruled plaintiffs' objections and signed and allowed the case, but declined to certify that it contained all the material evidence. Counsel then made a motion before the court, upon due

notice, for an order settling the case as one containing all the evidence, which was, on January 20, 1909, the day following the hearing thereof, denied. Counsel then, on March 12, 1909, moved the court for an order permitting an amendment of the proposed case by adding thereto all the evidence received on the trial, or, if that were denied, for an order allowing the service of a new proposed case. Both motions were denied. Whereupon counsel proposing the case applied for and obtained from this court an order to show cause why a peremptory writ of mandamus should not issue commanding the trial judge to settle and certify the proposed case as one containing all the evidence, or to permit an amendment thereto by including all the evidence. The trial judge made return to the order, certifying to this court: (1) That the proposed case does not in fact contain all the evidence pertinent to the findings; and (2) that a motion to amend the proposed case, or to extend the time and permit a new case to be served, had been made and denied.

1. The order to show cause must be discharged. Though the procedure adopted to compel a settlement of the case is proper, there appears a square conflict between counsel and the trial judge upon the question whether the case in fact contains all the material evidence, and counsel have produced no evidence to this court showing or tending to show that the trial judge is in error. It is not the duty of a trial judge, in answer to an order to show cause why he should not sign and certify a particular case, when his refusal is based upon the claim that the proposed case does not conform to the truth, to demonstrate to this court the correctness of his contention. His certificate in controversies of this kind is prima facie correct, and the burden is upon the party asserting to the contrary to overcome it. No effort was made to do this in the case at hand; it being the contention of counsel that it was incumbent upon the trial judge to point out the particular evidence which he insists is material and should be incorporated in the record. But this contention is not sound. No complete transcript was presented to the judge below or to this court.

2. The motion for leave to amend the proposed case, or to be permitted to propose a new one, the time within which to do so having expired, was addressed to the discretion of the court, and the order denying it cannot be reviewed in this manner.

Order to show cause discharged.