STATE ex rel. BOARD OF COUNTY COMMISSIONERS OF MEEKER COUN
TY v. G. E. QVALE.[1]

January 14, 1910.

Nos. 16,502—(238).

**Appeal and Error.**

After the time for settling a "case" has expired, and no extension of time has
been granted, a party to the action is not entitled, as a matter of right, to have
a settled case resettled. The denial of a motion for resettlement under such
circumstances is not an abuse of judicial discretion. [Reporter]

Upon the relation of the board of county commissioners for Meeker county this
court issued its order directing respondent, as judge of the district court for
Meeker county, to show cause why a writ of mandamus should not issue requir-
ing him to resettle and allow a "case" in the matter referred to in relator's ap-
plication. Respondent set up in his return that on August 24, 1909, relator served
a proposed case in a matter then before the district court for Meeker county;
that the case was settled on September 29, 1909; that no extension of time in
which to propose a case was ever granted; that on October 26, 1909, relator
made and served a motion to resettle the settled case and on November 6, 1909,
the motion was denied; that the time within which the relator could propose a
case had elapsed prior to said October 26 and before relator made its motion
to resettle its case. Order discharged.

*L. K. Sexton* and *Alva R. Hunt,* for relator.
*A. F. Foster* and *H. S. McMonagle,* for respondent.

PER CURIAM.

This is an application, heard upon an order to show cause, for a peremptory
writ of mandamus directing the respondent, as judge of the district court of the
county of Meeker, to resettle and allow the case mentioned in the moving papers
herein and to certify the documents and papers considered by him on the hearing
in the district court. Upon a consideration of the moving papers, respondent's
return, and relator's reply, we are of the opinion that the relator was not as a
matter of right entitled to have its motion to resettle and certify the case granted
by the respondent, and that the denial of the motion was not an abuse of judi-
cial discretion. State v. Quinn, 107 Minn. 503, 120 N. W. 1088.

Order to show cause discharged.

[1]Reported in 124 N. W. 22.