## STATE ex rel. PAULINE BISSEBERG v. I. M. OLSEN.[1]

### January 9, 1914.

### No. 18,591.

**Approval of "case" — discretion of court.**

Application to a trial court to allow and sign a settled "case" after the expiration of the time fixed therefor by a stay of proceedings is addressed to its sound discretion. *Held:* In this case it did not abuse such discretion in denying the application. [Reporter.]

On the petition of Pauline Bisseberg this court issued its order directing Honorable I. M. Olsen, as judge of the district court for Lyon county, to show cause why a peremptory writ of mandamus should not issue commanding him to make and enter an order giving her leave to propose and serve a bill of exceptions in a certain action in the district court entitled Gifford v. Bisseberg. The return of the respondent stated, among other matters, that the denial of petitioner's motion for leave to propose and serve a bill of exceptions was, among other things, made on December 17, 1913, for the reason that it appeared to the court that the defendant and her attorneys had failed to use any reasonable diligence or failed to show any good cause why such leave should be granted more than six months after the trial of the cause and more than three months after the entry of judgment therein. Order to show cause discharged.

*George B. Leonard,* for petitioner.

*James H. Hall,* for respondent.

PER CURIAM.

Order to show cause why the trial court should not allow and sign a settled case after the expiration of the time fixed therefor by a stay of proceedings. The court had the power to grant the relief, but the application was addressed to its sound discretion. The facts presented to this court will not justify the conclusion that the court abused its discretion in denying the relief, and the order to show cause is therefore discharged.

[1] Reported in 144 N. W. 755.