## STATE EX REL. ANTON HEMZA AND ANOTHER v. DANIEL FISH AND ANOTHER.[1]

January 21, 1916.

Nos. 19,700——(260).

**Settlement of "case."**

> The respondent, a judge of the district court, having considered and denied, on its merits, an application to "settle" a case after the lapse of the statutory period, this court cannot afford relief, especially since there was no abuse of judicial discretion.

Upon the relation of Anton Hemza and Sophia Hemza this court granted its alternative writ of mandamus directed to the Honorable Daniel Fish, one of the judges of the district court for Hennepin county, and Joseph Cherveny, commanding the judge to settle a case in that court wherein Joseph Cherveny was plaintiff and Anton Hemza, Sophia Hemza and State Bank of Hopkins were defendants. Writ discharged.

*Charles G. Laybourn,* for relators.

*Selover, Schultz & Selover,* for respondents.

PER CURIAM.

Relators obtained from this court an alternative writ of mandamus directing the respondent, a judge of the district court, to show cause why a peremptory writ should not issue, directing him to allow and settle a case in an action tried before him in which relators were defendants and one Cherveny plaintiff. By the return of respondent it appears that the action was tried in June, 1915, a decision was filed July 1, 1915, no stay was requested, nevertheless judgment was not entered until July 31, 1915. The action was for specific performance of a trade of properties. The decree awarded plaintiff possession of the premises which relators were to convey and a money judgment for $1,700, the balance

[1]Reported in 155 N. W. 905.

of the amount they were to pay to boot, and awarded relators possession of the farm and personal property which plaintiff was to turn over to them upon their first paying the amount stated. The plaintiff under an execution has been put in possession of the premises he was to receive, and by means of supplementary proceedings has obtained partial payment of the money judgment; and the instruments carrying out the alleged trade have, pursuant to the decree, been delivered by the one who held them in escrow and are now of record. After all this was done, and in November, 1915, relators changed attorneys. Thereupon their present attorney sought to settle a case. Plaintiff's attorneys refused to accept service of the proposed case. Then application was made to the trial court for leave to serve and settle a case. The relief asked was refused. The court considered the long delay attended with such trouble and expense to the plaintiff that, under the circumstances—the decree having been to a great extent executed—relators should not be given opportunity to settle a case out of time. It is clear that the respondent did consider the application and exercised judicial discretion in passing thereon. Granting, but not holding, that the determination can be reviewed in this proceeding, it is clear to us that no abuse of discretion can be attributed to the action of the trial court. Hence this court should not interfere. State v. Powers, 69 Minn. 429, 72 N. W. 705; State v. Quinn, 107 Minn. 503, 120 N. W. 1088, and State v. Stolberg, 128 Minn. 537, 150 N. W. 924.

Writ discharged. ———————————