## JOSEPH CHERVENY v. ANTON HEMZA AND ANOTHER.[1]

### July 14, 1916.

### Nos. 19,777—(161).

**Escrow — delivery of deeds — decision supported by findings.**

    1. Findings *held* to sustain a judgment directing the delivery of deeds deposited by certain of the defendants with another defendant upon a contract for the exchange of properties.

**Decree — omission of matter authorized by findings — remedy by motion not by appeal.**

    2. Where a judgment in favor of the plaintiff in an equity suit fails to contain a provision favorable to the defendants and authorized by the findings, the remedy of the defendants is by motion and not by appeal.

Action in the district court for Hennepin county to compel defendant bank to deliver the deed and mortgage referred to in the first paragraph of the opinion. The case was tried before Fish, J., who made findings directing the bank to deliver the papers to plaintiff and ordered judgment against defendants Hemza for the sum of $1,700. From the judgment entered pursuant to the order for judgment, defendants Hemza appealed. Affirmed.

*Charles G. Laybourn,* for appellants.
*Selover, Schultz & Selover,* for respondent.

DIBELL, C.

Action to compel the defendant State Bank of Hopkins to deliver to the plaintiff a deed and mortgage alleged to have been left with it by the defendants Anton and Sophia Hemza in performance of a contract for the exchange of lands. There were findings and judgment for the plaintiff. The defendants Hemza appeal. The defendant bank is not a party to the appeal. There is no settled case. See State v. Fish, 132 Minn. 146, 155 N. W. 905.

[1] Reported in 158 N. W. 810.

1. The findings are substantially these: On December 3, 1914, the plaintiff and the defendants agreed upon the exchange of certain properties. The plaintiff was to convey to the defendants a tract of land near Minneapolis and certain personal property upon it. In return the defendants were to convey a lot in West Minneapolis, give a note for $4,250 secured by mortgage upon the land and conveyed to them and pay $1,800 in cash. In execution of the agreement the plaintiff delivered to the defendant bank a deed conveying the land. The defendants paid $100 in cash, and executed a warranty deed of the West Minneapolis lot, and made their promissory note and mortgage for $4,250. The mortgage and note were delivered to the bank. These papers were delivered in the final closing of the transaction, and were conditioned upon the payment of the $1,700 and the examination of the abstracts which were properly furnished. The one furnished the plaintiff was satisfactory to him, and that furnished the defendants showed good title in the plaintiff. The plaintiff deposited with the bank a sufficient bill of sale of the personal property for delivery. The defendants refused to pay the $1,700, and have repudiated the agreement and have notified the bank. The plaintiff has demanded of the bank delivery of the papers and has offered to deliver the personal property upon the payment of the $1,700. These facts authorized the judgment for the plaintiff directing the delivery to him of the deed and mortgage executed by the defendants.

2. The judgment does not provide for the transfer or delivery of the personal property to the defendants. Neither do the conclusions of law. The findings are such as to make such transfer and delivery proper, and, if insisted upon by the defendants, essential. The provision for transfer and delivery was beneficial to the defendants. There being no settled case, only the judgment roll is before us. We can review only the conclusions of law embraced in the judgment. The remedy for an amendment or correction of the judgment was by application to the district court and not by appeal. McLaughlin v. Nicholson, 70 Minn. 71, 72 N. W. 827, 73 N. W. 1; Wheadon v. Mead, 71 Minn. 322, 73 N. W. 975; Bishop Iron Co. v. Hyde, 72 Minn. 16, 74 N. W. 1016.

The present counsel for the defendants came into the case after the

trial below and entry of judgment and too late to obtain a settled case. Some points made cannot be reviewed for we can review only the judgment roll and not the evidence or proceedings at the trial.

It was in part the fault of counsel for the plaintiff that the judgment contained no provision for the transfer and delivery of the personal property to the defendants. No statutory costs will be allowed.

Judgment affirmed.