# STATE EX REL. LOUIS J. HEBERLE v. ALBERT JOHNSON.[1]

## March 30, 1917.

## No. 20,431.

**Appeal and error.**

Where an appeal has been taken from a judgment entered in the trial court, it is not a valid objection to an application to the trial court to settle a "case" that the trial court was without jurisdiction, the appeal having removed the case to the supreme court, or that because of the removal certain exhibits could not be made a part of the case.    [Reporter.]

**Same.**

Where the statutory time for settlement of a "case" has expired, the party making application for such settlement must excuse his default and appeal to the discretion of the trial court.    [Reporter.]

Upon the relation of Louis J. Heberle this court granted its order directed to Honorable Albert Johnson, judge of the district court for Dakota county to show cause why a peremptory writ of *mandamus* should not issue commanding him to settle a proposed case in an action between Augustus S. Francis, as plaintiff, and relator, and others, as defendants. The respondent made return. The facts are stated in the opinion. Order to show cause discharged.

*Harvey O. Sergeant*, for relator.

*P. H. O'Keefe*, for respondent.

PER CURIAM.

Order to show cause why a peremptory writ of *mandamus* should not issue, directing the respondent, the trial court, to settle and allow a proposed case in an action wherein the findings and order for judgment were filed August 2, 1916, in favor of plaintiff, and a copy thereof served on the defendant therein, the relator here, the next day. A judgment upon due notice

[1]Reported in 161 N. W. 782.

was entered pursuant to the order on August 22, 1916. No stay was requested or obtained for the purpose of settling a "case," but on November 8 (or 13), 1916, relator appealed from the judgment. On January 17, 1917, a proposed case was served upon the attorney for plaintiff, and some conferences were had between the respective attorneys with a view of stipulating that the same might be allowed by the court. No agreement was made, and on February 21, 1917, relator served notice on plaintiff that the proposed case would be presented to the court on the twenty-sixth of that month for settlement and allowance. Plaintiff at the appointed time and place appeared specially and objected to the allowance, on the grounds that the court below was without jurisdiction, the appeal having removed the cause to this court, that some of the exhibits because of removal could not be made a part of the case, and that it would be an abuse of the court's discretion for that reason to settle and allow a case. The two objections first stated are not tenable; nor is there merit in the reasons assigned why there would be an abuse of judicial discretion, but the objection was made to the settling and allowance of a case and the court declined to settle and allow it. The statutory time had expired. It was therefore necessary for relator to excuse the default and appeal to the discretion of the trial court. Van Brunt & Wilkins Mnfg. Co. v. Kinny, 51 Minn. 337, 53 N. W. 643; State v. Stolberg, 128 Minn. 537, 150 N. W. 924. So far as the record before us indicates, no showing of any kind in that direction was made to the court below. Manifestly it would now be improper for us to compel the trial court to act upon grounds not presented when his action was invoked by relator. It may, however, be said to be strange that relator should have been unable to find the trial judge in season to present the proposed case, for he was then holding court in Hennepin county.

The order to show cause is discharged.