## EVELYN VESSEL v. VERONICA GREENLEE AND OTHERS.

96 N. W. (2d) 382.

May 8, 1959—No. 37,790.

*Butchart & Fredin,* for relator.

*Palmer, Hood, Crassweller & McCarthy* and *Robert K. McCarthy,* for respondents.

PER CURIAM.

This matter arises upon an alternative writ of mandamus whereby relator seeks a peremptory writ requiring a judge of the district court to extend the time within which to settle a case and requiring him to

settle such case.

In September 1956 plaintiff-relator commenced an action to recover from defendants, her brothers and sisters, reimbursement for moneys she had spent during the previous 12 years for the maintenance, care, and support of the mother of said plaintiff and defendants. Defendants Clara V. Klodd, Edward Vessel, and Robert Vessel (the latter individually and as executor of the estate of John Vessel, deceased) interposed answers denying liability. Defendant Veronica Greenlee and third-party defendant William Vessel did not answer and were in default. The action presented several genuine issues of both fact and law.

The action came before the court for trial on May 27, 1957. While waiting in the courtroom to be called for trial, plaintiff and the answering individual defendants, through their respective attorneys, continued certain prior negotiations for a compromise and settlement of plaintiff's disputed claim. After the forenoon recess and apparently after the selection of a jury, the attorneys entered the judge's chambers and there negotiated and dictated a stipulation of settlement which provided, among other things, that a judgment of $500 should be taken by plaintiff against the two defaulting defendants, and that in addition the three answering individual defendants should pay plaintiff $4,100 for a dismissal of the action with prejudice and as final settlement of plaintiff's disputed claim for past support *and also for a release of, and a covenant not to sue, defendants for any future expenses* incurred by plaintiff in caring for and supporting their mother. At all times during the dictation of the stipulation in the court's chambers, plaintiff remained out in the courtroom. In the course of the negotiations in the court's chambers, it appears, however, that plaintiff's attorney consulted with her in the courtroom.

Plaintiff, while leaving the courthouse in the company of her attorney, asked him if the stipulation of settlement deprived her of the right to sue for reimbursement for any expenses incurred by her *for future support* of her mother. When told that the stipulation so provided, she indignantly told her attorney that she would not go through with the settlement. Her attorney—and his good faith is not questioned—insists that he had theretofore fully explained to her that defendants would not agree to settle unless she released all right to reimbursement for

future support. Undoubtedly her attorney genuinely believed that she had authorized him to make such a settlement. It appears that from the very beginning of all settlement negotiations defendants had consistently demanded that they be given her covenant not to sue for any expense incurred for future support.

Subsequently, on some date prior to October 11, 1957, plaintiff came to her attorney's office to discuss further the stipulation of settlement and the other instruments of release which defendants' attorneys had prepared. She again adamantly rejected the stipulation and refused to sign the necessary instruments of release and settlement. Her attorney, William P. Van Evera, then told her that since she repudiated the settlement he could no longer represent her and that it was necessary for her to obtain another attorney.

On December 16, 1957, defendants' attorneys mailed proposed findings of fact, conclusions of law, and order for judgment to Mr. Van Evera, who was still plaintiff's attorney of record, and also mailed a copy of such proposed findings to Alfred Weinberg, another attorney, with whom defendants' attorneys believed plaintiff was then consulting. No objection was made to the proposed findings, and on December 26, 1957, the court made its findings, conclusions of law, and order for judgment but stayed entry of judgment for 30 days. A considerable time after the expiration of the 30-day stay, judgment was entered on February 19, 1958. It is to be noted that judgment was so entered 8½ months after the stipulation of settlement and 64 days after notice of the proposed findings had been given.

It was not until July 28, 1958, that plaintiff obtained a substitution of counsel and on August 6, 1958, a motion was made to the court to vacate the judgment.

Significantly, plaintiff's motion to vacate the judgment was the first affirmative act taken by her to obtain a release from the stipulation of settlement and dismissal with prejudice. *This motion came 14 months after the stipulation was made in the judge's chambers, 7½ months after the mailing of the proposed findings to plaintiff's attorneys, 5 months after the entry of judgment, and 9 months after plaintiff had been told by her attorney that she would have to obtain another lawyer to represent her.*

Her motion was denied by the court on August 18, 1958, and the next day she served her notice of appeal. On September 8, 1958, plaintiff made a motion to extend the time for the settlement of the case and for a settled case. This motion, *which came 16 months after the stipulation of settlement and dismissal,* was denied on November 21, 1958.

Whether the time limits for the settlement of a case established by Rule 59.03, Rules of Civil Procedure, may be extended rests in the discretion of the trial court. 3 Youngquist & Blacik, Minnesota Rules Practice, pp. 325 to 327. Clearly plaintiff's motion to extend the time for settling the case, and for a settlement thereof, was not based on any strict legal right but was addressed to the trial court's discretion. The sole question therefore is whether that court abused its discretion. State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163. No justification has been shown for plaintiff's dilatory conduct. Her conduct cannot be explained or justified on the theory that she was unable to obtain another attorney. In fact, after she had been told by her original attorney of record that she would have to retain another lawyer, she let 9 months go by before securing such other counsel, and not until then did she take any affirmative action to relieve herself of the stipulation of settlement and dismissal and the entry of judgment. Judgment was ordered on December 26, 1957, but the entry thereof was stayed for 30 days. Pursuant to Rule 59.06, a stay of entry of judgment under Rule 58 shall not be construed to extend the time within which a party may serve a motion or settle a case. *Seven months elapsed after the order for judgment—and 5 months elapsed after the entry of judgment on February 19, 1958—before plaintiff moved to vacate the judgment, and an additional 2 months passed prior to the making of her motion for a settled case.* In no respect did the trial court abuse its discretion in denying plaintiff's motion.[1]

We have not overlooked the decision of State ex rel. Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488. Aside from the fact that in

---

[1]See, State ex rel. McKenzie v. Wilson, *supra;* State ex rel. Hemza v. Fish, 132 Minn. 146, 155 N. W. 905; State ex rel. Heberle v. Johnson, 136 Minn. 465, 161 N. W. 782; State ex rel. Bisseberg v. Olsen, 124 Minn. 537, 144 N. W. 755; State ex rel. Dalkin v. Guilford, 192 Minn. 345, 256 N. W. 238.

that case both parties were at fault, the decision is no longer in point since Rule 59.07 has superseded M. S. A. 1949, § 547.04, and notice is no longer required to start the time for settling a case running.[2]

Relator's application for a peremptory writ is denied and the alternative writ is discharged.

---

[2]The case of Elsen v. State Farmers Mutual Ins. Co. 219 Minn. 315, 17 N. W. (2d) 652, is of no help to plaintiff. In that case a settlement for a 9-year-old boy's personal injury was set aside on the ground of mutual mistake. Obviously the instant case involves no comparable situation from the standpoint of either law or fact.