CALVIN FORBUSH, Appellant, *vs.* AMOS D. LEONARD, *et al.*,
Respondents.

APPEAL FROM THE DISTRICT COURT OF BLUE EARTH COUNTY.

An attorney cannot acquire a lien on a judgment except for services rendered in the action in which the judgment is rendered.

The notice of the lien must specify the amount.

Such lien can only exist where there has been a special agreement as to compensation.

The lien formerly given, where there was no such special agreement, to the extent of the costs included in the judgment, is taken away by the statute which abolishes statutory costs.

Points and Authorities of Appellant.

I.—The Appellants had an attorney's lien on the judgment, and the payment thereof by the Defendant Dukes, after notice of such lien, was a payment in his own wrong. *See Comp. Stat.*, 168.   This statute is merely an affirmance of the common law.   *Dunlap's Paley on Agency*, 131, *note.*   An attorney has a lien without statutory provisions.   *Ib. note.*

An attorney or solicitor may obtain an order to stop his client from receiving money recovered in a suit in which he has been employed, until his bill is paid.   1 *Douglas*, 104; 1 *Saund. on Pl. and Ev.*, 155; *Tidd's Pr.*, 82, 388; *Graham's Pr.*, 59, 61.

He may stop it in *transitu*, if he can lay hold of it.   If he apply to the Court, they will prevent its being paid over until his demand is satisfied.   If he give notice to the Defendant not to pay until his bill is discharged, and he afterwards pays it, it will be in his own wrong.   1 *Douglas*, 238, *Walsh vs. Hale.*   To the same effect see 2 *Petersdorff's Com. Law*, 464, when the opposite attorney was made liable for having paid over money after notice by the Plaintiff's attorney not to pay it until his bill was satisfied.   *See* 1 *Cow.*, 172; 3 *Caine*, 165; 15 *John.*, 405.

II.—The payment of personal property to the sheriff, in satisfaction of the judgment. was a payment directly to the Plaintiff, and the sheriff acted as his agent, and not as sheriff, when he received such property in payment. 7 *Cow.*, 739; 6 *Cow.*, 465; and particularly the case of *Graham vs. Gale*, reported in a note; 3 *Seld.*, 453; 1 *Denio*, 548; 4 *Cow.*, 553.

III.—Such settlement was plainly a collusion between the Defendant Dukes, and the Plaintiff, to cheat the attorneys out of their lien, so that if the sheriff acted in his official capacity in receiving payment, it would not defeat such lien.

Points and Authorities of Respondents.

I.—Waite & Burt had no interest whatever in the action, and execution could not issue for their benefit; the action belonged to the Plaintiff, and when he was satisfied no execution could be issued. *Bellinger vs. Ford and and others*, 14 *Barb.*, 250.

II.—If the attorney had a lien upon the judgment, it could be only for the costs in this action. An attorney has a lien upon a judgment only to the amount of costs therein, and could not claim a lien for his fees in other suits. *Pub. Stat.*, *p.* 668. *sec.* 16, *sub.* 4; *Kent's Com.*, 8th ed., *vol.* 2, *p.* 835, *and note b; Pope vs. Armstrong, Smeed & Marshall*, 214.

III.—No notice was given to Defendants that a lien was claimed. The Appellant does not claim to have given any notice to any of the Defendants, except Dukes, and to him he did not state the amount claimed. If there had been a special contract between the Plaintiff and his attorney the amount of the claim should have been given the Defendants. The contract set forth was for services in another action, and not Waite & Burt, who are strangers to this. *Pub. Stat., p.* 668, *sec.* 14.

FRANKLIN H. WAITE, Counsel for Appellant.

WILLARD & BARNEY, Counsel for Respondents.

*By the Court.*—EMMETT, C. J.—This is an appeal from an

order denying a motion made in the case· by Franklin H. . Waite, Esq., the attorney for the Plaintiff, on behalf of himself as such attorney, and of Waite and Burt, who had rendered services to the Plaintiff as attorneys in another action, commenced by Wilkinson and Burt, his attorneys, and out of which the present action seems remotely to have arisen.   The object of the motion was to enforce an attorney's lien on the judgment rendered in this action; for the services rendered by said several attorneys, in this and the other action referred to.

The lien of an attorney, whatever it may have been at common law, is in this State regulated by statute, and we must accordingly confine the parties to such only as the statute recognizes and enforces.   The provision of statute regulating these matters is contained in *section* 16, *chapter* 82 *of the Compiled Statutes*, which is in the following words :

" SEC. 16. An attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this statute :

" 1. Upon the papers of his client, which have come into his possession, in the course of his professional employment ;

" 2. Upon money in his hands belonging to his client ;

" 3. Upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party ;

" 4. Upon a judgment to the extent of the costs included therein, or if there be a special agreement to the extent of the compensation specially agreed on, from the time of giving notice to the party against whom the judgment is recovered.   This lien, however, is subordinate to the rights existing between the parties to the action or proceeding."

It is evident from the above that where the lien is given upon money in the hands of the adverse party, or upon a judgment, that it is for services rendered in the particular action or proceeding in which the judgment was rendered, or money found to be in the hands of the adverse party.   The attorney, therefore, would have no right to include therein any other claim for similar services rendered in another case. He should have enforced his lien for such services, if at all, in the case in which they were rendered.   Nor has he any right

to join therewith the claims of other attorneys for services rendered in another action or proceeding.

Waite is the only attorney known in this case. Waite & Burt and Wilkinson & Burt were attorneys and rendered services in another action. They may, from the facts stated in the affidavits, have a valid claim to the amount stated by them; and under the circumstances detailed they may be part owners of the judgment in this action, to the extent of their said claim; but that right or ownership cannot be established or settled by simple motion of this kind; much less does it amount to an attorney's lien under the statute. They settled the judgment in which their services were rendered, by taking the note on which this action was brought. If they had, as they claim, an interest in the judgment thus settled, equal to the costs and disbursements included therein, they had a proportionate interest in the note received in payment thereof; but I do not see how their interest in said note, or in the judgment subsequently obtained thereon in the name of the Plaintiff, who was jointly interested with them, can be tortured into an attorney's lien; or indeed how they can justly claim any preference in the proceeds of the judgment over the Plaintiff. We are of opinion, therefore, that, so far as any claim of lien for services rendered by Wilkinson & Burt, or by Waite & Burt, is concerned, the Court very properly overruled the motion.

Let us next inquire as to the lien of Waite for services rendered in this action, and in doing so we will waive all objections that might be urged against the manner in which he has sought to enforce it. Where a lien is to be insisted on, and any person other than the client is affected thereby, it will be observed that notice of the lien must be given to him. But how can he have notice of the lien, unless the amount thereof is specified? If this be not done he may be seriously embarrassed and subjected to unnecessary annoyance; for in such a case he must either refuse, *in toto*, to deliver over the money in his hands, or to pay the judgment against him, as the case may be, thus subjecting himself to costs; or if he does the one or the other in part only, he runs the risk of not leaving enough in his hands, or unpaid, to satisfy the lien. The no-

tice in this case did not specify any amount. It was only to the effect that he, Waite, had a lien on the judgment for services, which, we think, was wholly insufficient; and certainly gave no intimation to the Defendants that Wilkinson & Burt, or Waite & Burt, had a claim which was also a lien on the judgment.

But let us suppose that the amount of Waite's claim for services in this case, had been specified, and that a mere verbal notice was sufficient; let us see under what circumstances and to what extent he could have secured a lien. By the 4th subdivision of the section above recited, where there has been a special agreement for compensation, the statute gives a lien, after notice, to the extent of the compensation specially agreed on; but when there is no special agreement, then the lien extends only to the costs' included in the judgment. There was no special agreement for compensation for services in this action, consequently Waite's lien would in no event exceed the amount of the costs included in the judgment. We find that there were $7.30 included therein under the name of costs, and the attorney alleges that his services were worth $20. Was he entitled to the sum named as costs?

This provision in regard to costs cannot be fully understood without reference to other portions of the law since repealed. When this law was passed, there was another provision of the same act, allowing the party prevailing in an action certain sums, termed "costs," to indemnify him for expenses incurred. *Comp. Stat., chap.* 62, *sec.* 1. These costs were inserted in the judgment, as were also, under the name of "disbursements" and "charges," the fees of all officers, witnesses, and referees, and the expenses of commissioners, printing, &c. *Id. sec.* 9. From the fact that every expense, except attorneys' fees, was thus provided for, under the name of disbursements or charges, from the several matters and things for which they were allowed, and the object indicated by the first section of the chapter regulating them, the inference is clear that the several sums thus allowed to the successful party, as costs, were solely to indemnify him for expenses incurred in employing an attorney. Hence, it was perfectly natural to give to the attorney a lien on the judgment to the

extent of the several sums allowed to his client for the purpose of employing an attorney, or to the extent of the costs included in the judgment. It will readily be seen, therefore, that the term " costs," as used in the section which gives an attorney a lien on the judgment, had a technical meaning entirely distinct and different from that ordinarily attached to the word,—that it did not include " disbursements " or " charges" of any kind, and that it referred only to the sums allowed the party to indemnify him for the expense of employing an attorney. These costs, sometimes called statutory costs, were, however, some time before the commencement of this action, abolished by *Statute Laws of* 1860, *p.* 244, consequently there is nothing to which the lien could now attach. This leaves the attorney without a lien on a judgment, except in cases where there is a special agreement in regard to compensation. And it follows that the attorney is not in this case entitled to a lien even to the extent of the $7.30 assessed against the Defendants as costs, because the sum must of necessity have been for disbursements and charges, as contradistinguished from costs, as the term is used in the statute under consideration.

As regards the effect of a payment to the sheriff on an execution in his hands, we think, with the Court below, that in ordinary cases it would be sufficient, but under the peculiar circumstances attending the payment in this case, we are inclined to the belief that, had there been a valid lien, of which the Defendants were properly notified, they could not thus have deprived the attorney of the benefit of it. It looks very much as though it was a plan concerted between one of the Defendants and the Plaintiff, by which the attorney should be deprived of any benefit to be derived from the notice which he had given. It is not necessary, however, to decide this point.

The order appealed from is affirmed.