## James Crowley *vs.* William G. Le Duc.

### April 8, 1875.

**Attorney's Lien upon Judgment.**—The notice required, under subdivision 3, § 15, ch. 88, Gen. Stat., to be given of an attorney's lien for compensation not specially agreed upon, but implied, is not defective in omitting to state the amount thereof. It is sufficient if it fairly inform the party that a lien is claimed, its nature and character, for what it is claimed, and upon what it is sought to be enforced. The case of *Forbush* v. *Leonard*, 8 Minn. 303, distinguished.

**Same.**—The statute in question, in regard to lien of attorneys, is a remedial one, and to be largely and beneficially construed in advancement of the remedy, so as to secure and protect, and not defeat, the rights and objects intended by its provisions.

Appeal by defendant from an order of the district court for Hennepin county, *Vanderburgh*, J., presiding, allowing the plaintiff's attorneys to enter judgment against the defendant and certain garnishees, for the amount of their fees as attorneys in the action, as determined by the court, and also for the amount of the taxable costs.

*Atwater & Babcock*, for appellant.

*C. H. Benton*, for respondent.

CORNELL, J. It has already been determined by this court that an attorney's lien for services and costs in this state rests alone on statutory provisions. *Forbush* v. *Leonard*, 8 Minn. 303. The statute at the time of that decision was substantially the same as at present.

Section 15, ch. 88, Gen. Stat., so far as its provisions are pertinent to any questions involved in this case, is as follows: " § 15. An attorney has a lien for his compensation, whether specially agreed upon or *implied*, as provided herein. * * * *Third*. Upon money in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party. *Fourth*. Upon a judgment, to the extent of the costs included therein; or if there is a special agreement, to the extent of the compensation specially agreed on, from the time of giving notice to the party against whom the

judgment is recovered. This lien is, however, subordinate to the rights existing between the parties to the action or proceeding."

The claim of lien in this case grows out of the following facts, as found by the district court, whose finding is so far warranted by the evidence as not to justify any interference in this respect by this court. Messrs. Benton and Reeve, as respondent's attorneys, commenced an action on contract, in the district court, Hennepin county, against the appellant, and prosecuted the same to a verdict recovered against him at the May term, 1873, for two hundred and sixty-six dollars. Thereafter, and before judgment entered, to wit, on or about July 3, 1873, they duly notified defendant and his attorneys of their intention to claim an attorney's lien for their costs and services in said action. Afterwards, on or about September 3, 1873, the defendant settled the case with the plaintiff, without the intervention or knowledge of his said attorneys, for the sum of one hundred dollars, and took a receipt in full of said verdict, cause of action, and the costs in the action. It further appears that the plaintiff was insolvent, and that the notice of the claim of lien served did not specify the amount of the value of the professional services which the attorneys claimed the right to enforce as a lien, and that garnishee proceedings had been instituted and were pending in behalf of the plaintiff, wherein the garnishees had become charged, as indebted to defendant.

On this state of facts, no compensation having been specially agreed upon between the attorneys and their client, the question presented is whether the attorneys are entitled to any lien upon the verdict so rendered and the indebtedness garnished, for the implied compensation which their services, rendered prior to the settlement of the parties, were reasonably worth. This involves the construction of the statute above quoted. The claim of defendant is, *first*, that the notice of the attorneys' lien was fatally defective, in that it did not specify the particular sum or amount claimed by them, citing *Forbush* v. *Leonard*,

8 Minn. 303 ; and, *second*, there being no special agreement between attorneys and client as to the amount of their compensation, they could only recover the taxable costs.

The statute in question is a remedial one, and to be "largely and beneficially construed in advancement of the remedy," so as to secure and protect, and not defeat, the rights and objects intended by its provisions. The statute declares, in express terms, that an attorney shall have a lien for his compensation, implied as well as when expressly agreed upon, upon money in the hands of the adverse party, from the time notice of his lien is given to such party. The only possible room left here for construction is whether, in the absence of an express agreement, the implied compensation is to be measured by the costs allowed to the prevailing party, by way of indemnity for his expenses in the action, (§§ 1, 2, ch. 67, Gen. Stat.,) or by the reasonable value of the services rendered. It seems beyond question that the implied compensation is what the attorney would be entitled to recover of his client, in an action brought directly for that purpose on the implied contract. Section 1, ch. 67, Gen. Stat., declares that "the right of a party to agree with an attorney for his compensation is unrestricted, and the measure and mode of such compensation is left to the agreement, express or implied, of the parties ; but," it adds, "there may be allowed to the prevailing party certain sums, by way of indemnity for his expenses in the action, which allowances are termed costs." It is evident from this that the compensation arises out of the express or implied agreement of the parties, unrestricted by the statutory provision allowing certain restricted and definite sums, as costs, to the prevailing party. It is founded on the implied agreement, and not on any statute fixing the amount ; and that agreement, unrestricted as it is by any statute, clearly imports an undertaking on the part of the client to pay such reasonable sum as the services and skill of his attorney may be worth. This being indefinite in amount, and hence not known, the rule contended

for by appellant, requiring the notice of lien to specify the particular sum claimed, and declaring it a nullity in case it does not, would practically result in defeating the declared intention and object of the statute, which provides in express terms for a lien in the case of an implied compensation. Such a rule cannot be upheld. The notice in a case like this is sufficient, if it fairly inform the party that a lien is claimed, its nature and character, for what it is claimed, and upon what it is intended to be enforced.

The point before the court in the case of *Forbush* v. *Leonard*, 8 Minn. 303, was as to the character of the notice required, in the case of a lien sought to be enforced against a judgment, pursuant to the fourth subdivision of said § 15, when the amount of compensation is specially agreed upon ; and the court held that such agreed amount must be stated in the notice. It does not follow that such would be the rule in the case of a lien arising out of an implied contract, and sought to be enforced under the third subdivision of that section. The authority cited is not in point in this case.

No other questions being raised by the appellant in this court, the judgment appealed from is affirmed.