## JAMES W. BOYD, v. G. W. CHASE & SON MERCANTILE COMPANY, Respondent.

### Kansas City Court of Appeals, February 1, 1909.

ATTORNEY AND CLIENT: Lien: Settlement with Client: Fees: Measure of. A client whose attorney had a contract for a fee at thirty-five per cent of the recovery, of which the defendant had notice, settled without the attorney's consent for a given sum paid the client and agreed to pay any additional sum the client might be compelled to pay his attorney, not to exceed a given amount. In an action against the defendant to recover his fees the measure of damage is thirty-five per cent. of an amount of which the sum paid the client is sixty-five per cent and the client's agreement to accept a given sum can not effect the amount of the attorney's recovery.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

REVERSED AND REMANDED *(with directions)*.

*Thomas F. Ryan* for appellant.

(1) The court by its finding and judgment found that the proceeds of the settlement were represented by an amount found by adding to the amount paid in settlement of each case, the amount due to the attorney as shown by his contract. In this, the trial court's finding was opposed to the true spirit of the statute,

and it has been so held by the Supreme Court and the
St. Louis Court of Appeals, as shown by the following
cases: Yonge v. Transit Co., 109 Mo. App. 236; O'Connor v. Transit Co., 198 Mo. 622; Taylor v. Transit Co.,
198 Mo. 715. In each of the foregoing cases the plaintiff sued to recover a percentage on the amount paid
in settlement, and in each of said cases the court in
affirming the judgment and the reasons given in support thereof, found that the proceeds of the settlement
were the amount paid in settlement of the case. The
only case in which a different rule has been declared
is the case of Curtis v. Railway, reported first in 118
Mo. App. 341, and again in 125 Mo. App. 369. The
facts in that case, however, were different from the facts
in this case.

*Perry A. Brubaker* for respondent.

(1.) Under the law as laid down by this court in
the case of Curtis v. Railway, 118 Mo. App. 341, and
in Curtis v. Railway, 125 Mo. App. 369, the amounts
found by the trial court are not only not excessive,
but are not as large as they should be under the evidence, law and admissions in the case. (2) Respondent, under the facts as admitted by the appellant, and
under the law in the case, is entitled to recover the
amount sued for in each count. Curtis v. Railway,
118 Mo. App. 341; Curtis v. Railway, 125 Mo. App.
369; Wait v. Railway, 204 Mo. 491.

BROADDUS, P. J.—The plaintiff states two different causes of action in his petition.

The fact in relation to the first count or cause is
as follows: The plaintiff as an attorney at law brought
suit for Anna May Dakin (now Conroy) to recover
damages in the sum of $30,000 for injuries she sustained
on account of the alleged negligence of the defendant
corporation while she was in its employ and recovered

judgment for $5,000, which on appeal to the Supreme Court was reversed and remanded for a new trial. On the trial, it was admitted that plaintiff had a contract with his client by which he was to receive thirty-five per cent of the cause of action and that defendant had been served with notice of such contract in accordance with the act of 1901 creating attorney's liens. On November 6, 1906, after the cause had been reversed and remanded, plaintiff's client, Mrs. Dakin, without the knowledge or consent of plaintiff compromised and settled her suit for $2,000 paid to her by the defendant. Mrs. Dakin testified that it was a part of the consideration for said compromise that defendant was to pay plaintiff's fee. However, the written contract executed by the parties stipulates that defendant will pay to Anna May Dakin (Conroy) "any money that she may be compelled to pay to said J. W: Boyd, her attorney," etc. A jury was waived and the cause submitted to the court. The finding and judgment were for the plaintiff in the sum of $960.28.

The facts relating to the second count were as follows: The plaintiff as an attorney at law brought suit for Mattie E. Leslie to recover damages in the sum of $20,000 for injuries she received by reason of the alleged negligence of defendant while she was in its employ. It was admitted that plaintiff had a contract with his client by the terms of which he was to receive forty per cent of the cause of action and that defendant had been served with notice of such contract in accordance with the act of 1901 creating attorney's liens. Plaintiff's client without his knowledge or consent on January 22, 1907, compromised and settled her suit for $1,800 paid to her by defendant. Mrs. Leslie testified that it was a part of the consideration for the said settlement that defendant was to pay plaintiff's fee. But the contract in writing executed by the parties and evidencing the settlement provided that defendant would pay to the said Leslie any amount she might be

required to pay to her attorney not to exceed forty per cent of the amount paid to her, to-wit, "the sum of seven hundred and twenty dollars." The finding and judgment on the second count were for plaintiff in the sum of $1,024.28.

From the judgment on both counts, both the parties appealed.

The only point made by defendant is that the judgment is excessive and of the plaintiff that it is inadequate. It is not alleged or proved that the settlements made with Dakin and Leslie were obtained by fraud.

The court arrived at the amount of the judgment on the first count by adding thirty-five per cent of $2,000 to $2,000, which made an aggregate of $2,700, upon which the judgment was ascertained by computing thirty-five per cent. The same method was pursued in arriving at a finding on the second count. Plaintiff contends that he was entitled to judgment for $1,072.96 on the first count and $1,200 on the second count; that when defendant paid Dakin $2,000 it paid her only sixty-five per cent of her cause of action and it therefore became indebted to plaintiff in a sum equal to thirty-five per cent of such cause of action, to-wit, $3,072.96, making the amount $1,072.96. He seeks to apply the same rule to the second count. Such was the rule adopted in Curtis v. Railway, 118 Mo. App. 343, and 125 Mo. App. 369.

Although the defendant in said settlements did not agree to pay the attorney his fee, but agreed to pay to plaintiffs in the suits whatever they might be required to pay to the attorney, the agreement could not affect his right to recover against defendant. But the stipulation in each agreement controls the extent of defendant's liability under the ruling in the foregoing case. These agreements provide substantially that the sums paid in the settlement were not in settlement of the entire causes of action, but only the proportionate share

of the plaintiffs in those suits, and that defendant was bound thereby to refund any sums they might · be required to pay the attorney. This was not an agreement to pay the entire proceeds of the settlement and depend upon the parties to pay the attorney, but, on the contrary, a recognition by defendant of its additional liability for plaintiff's fees. It is true, the defendant undertook to limit the amount of plaintiff's fee in the Leslie settlement to $720 or forty per cent of the amount paid her, but, as plaintiff was not a party to the settlement, he was not bound by the agreement. The case seems to fall within the rule adopted by the court in the foregoing case, which has been reviewed by the Supreme Court and quoted as sound authority on the question. [Wait v. Railroad, 202 Mo. 491.]

We find nothing in the cases cited by · defendant in conflict with the views herein expressed. The facts are undisputed: therefore, the cause is reversed and remanded with directions to the court to enter judgment for plaintiff on the first count for $1,072.96 with interest from the 6th day of November, 1906, and on the second count for $1,200 with six per cent interest from the 22nd day of January, 1907.

*Ellison, J.,* concurs; *Johnson, J.,* not sitting.