PETER DESAMAN v. BUTLER BROTHERS and Another.[1]

June 14, 1912.

Nos. 17,554—(128).

**Attorney's lien — collusive settlement after verdict.**
    Although a litigant has the absolute right to make a bona fide settlement of his cause of action, either before or after verdict, without the knowledge or consent of his attorney, it is *held* that, after a verdict has been obtained

[1] Reported in 136 N. W. 748.

[Note] Dismissal of suit to defeat attorney's lien or claims to compensation, see note in 5 L R.A.(N.S.) 390.

fixing the amount of the cause of action, a collusive settlement made to defraud the attorney of his compensation, does not limit the extent of such attorney's lien to the amount actually paid upon such collusive settlement.

**Same — evidence.**

The record examined, and *held* to show a collusive and fraudulent settlement, made in part for the purpose of depriving plaintiff's attorney of his lien and compensation.

**New trial — order not appealable.**

No error was committed by the court in denying the defendant's motion for a new trial, and no error can be predicated on the order denying the motion for amended findings, because such order is not appealable.

After the former appeal, reported in 114 Minn. 362, 131 N. W. 463, issues were framed, and the matter was tried before Cant, J., who denied defendant's motion to direct a verdict in its favor, and then denied defendant's motion to direct a verdict in favor of applicant for $350, together with the costs and disbursements, and then discharged the jury, and ordered the dismissal of the original action set aside and an entry of judgment for the amount due the applicant, to wit $1,500, that the judgment stand as the property of the applicant and that he have execution therefor. Thereafter the judge filed findings and as conclusions of law ordered that the settlement and dismissal be set aside and judgment be entered in favor of plaintiff for $1,500 and the further sum of $71.93. From an order denying defendant's motion for a new trial, it appealed. From an order denying defendant's motion to amend the findings and conclusions of law, it appealed. Dismissed as to motion to amend findings of fact and conclusions of law; affirmed as to new trial.

*Spencer & Marshall,* for appellant.

*J. De La Motte,* for respondent.

HOLT, J.

Upon issues framed and tried to determine the amount of the applicant's lien as plaintiff's attorney in the action, the defendant and plaintiff having settled the action without the knowledge of such attorney, the court found in favor of the applicant, the defendant

moved for a new trial, and thereafter amended findings, and now appeals from the orders denying the motions.

In 1907 plaintiff, an Italian laborer, employed J. De La Motte, the applicant herein, as his attorney to bring an action against defendant to recover damages for the loss of plaintiff's left foot, through defendant's negligence. The agreement between plaintiff and his attorney, this applicant, was that the attorney should receive for his services one-half of the amount that might be obtained for plaintiff. Plaintiff was to pay costs and expenses. Upon the trial plaintiff recovered a verdict of $3,000. The defendant made the alternative motion for judgment or new trial, which was denied in all things. On April 27, 1908, the stay having expired, plaintiff caused notice of taxation of costs and disbursements to be served on defendant's attorneys, when further stays were obtained and an appeal perfected by defendant to this court.

On May 17, 1909, while such appeal was still pending, the defendant sought out plaintiff and sent him from Duluth to an attorney at Chicago; and, unknown to both this applicant and to defendant's attorney of record, settled by paying plaintiff $700, and obtained a stipulation dismissing the appeal and the case, without costs to either party. This stipulation was sent to defendant's attorney of record in Duluth, but plaintiff's attorney was not informed of the settlement till in July. Plaintiff disappeared, and his attorney received nothing for his work. The attorney promptly applied for permission to proceed and enforce his attorney's lien in the action in the district court. The application was denied, but on appeal to this court (Desaman v. Butler Bros. 114 Minn. 362, 131 N. W. 463) the court below was directed to grant relief. Thereupon issues were framed and the case tried to a jury. At the close of the testimony, when both parties moved for judgment, the court discharged the jury, and ordered that "the dismissal entered in the original action be set aside and that the matter proceed to judgment, which [shall] be entered in favor of the plaintiff and against the defendant for the amount due [applicant], which the court finds to be $1,500, with interest from the time of the rendition of the verdict in the original action, and that the judgment stand as the property of the applicant."

The applicant preserved an exception to the refusal of the court to include the costs and disbursements paid by the attorney at the request of plaintiff. The defendant then moved for a new trial, which motion was denied, and also its motion to amend the findings, so that the applicant recover $350 and no more. The defendant appeals from both orders.

We have recently held that a client has always the right to settle his cause of action and stop litigation at any stage of the proceeding, subject, however, to the right of the attorney to receive compensation for services rendered. Burho v. Carmichiel, 117 Minn. 211, 135 N. W. 386. It is therefore contended by defendant that a litigant retains the unrestricted right to determine for what amount the cause of action may be settled, and, having so done, the lien of his attorney for services is measured by the amount determined on and actually settled for. Conceding, without deciding, that this may be true at any time prior to the rendition of a verdict in the action which the attorney has been employed to bring, we are of opinion that after verdict fixing the amount of a plaintiff's cause of action a secret and collusive compromise between parties litigant does not affect the amount of the attorney's lien.

We are not prepared to hold, and it is not necessary so to do in this case, that an attorney having a lien for his compensation may obstruct a compromise and settlement of a lawsuit, after verdict or judgment, by insisting that the agreed share shall first be paid to him. The uncertainty of litigation, the need of speedy realization of the proceeds of the suit, the question of a defendant's ability to respond to the extent of the verdict or judgment, are all matters which a plaintiff may take into consideration in making a settlement or compromise. After so doing, if he should desire, in good faith, to settle for less than the verdict or judgment, we have no doubt that the court would not permit his attorney to stand in the way.

It is truly said in Boogren v. St. Paul City Ry. Co. 97 Minn. 51, 106 N. W. 104, 3 L.R.A.(N.S.) 379, 114 Am. St. 691: "The policy of the law favors the adjustment of claims and the termination of litigation, and the courts are not disposed to limit the right of parties in this respect." To the same effect is Nielson v. City of

Albert Lea, 91 Minn. 388, 98 N. W. 195; but therein is also clearly indicated by Mr. Justice Brown that, if there be fraud and collusion to deprive the attorney of his lien, the settlement will not be permitted to accomplish such result.

What are the facts in the case at bar? The cause was tried and a verdict was rendered. The justice of this verdict, upon the proposition of defendant's responsibility for plaintiff's injuries, and the loss sustained thereby, the trial court considered and approved, upon denying defendant's motion for a new trial. Presumptively the verdict was right, and established the amount of the cause of action as $3,000. By agreement the attorney of plaintiff was to have $1,500 thereof as his fees, and plaintiff was to pay the necessary court costs and disbursements; but subsequently, plaintiff being without funds, it was agreed that the attorney should advance what was needed to carry on litigation. The statute (subdivision 3 of section 2288, R. L. 1905) gives the attorney a lien on the cause of action for his compensation to the extent of the amount expressly agreed upon. A defendant has constructive notice thereof. So that it must be held that, when defendant undertook to settle with plaintiff, it knew that the appellant herein, the attorney, had a lien for his compensation for either an express or implied amount up to $3,000.

In Crowley v. Le Duc, 21 Minn. 412, it is held that the statute giving attorneys a lien for their compensation "is a remedial one, and to be largely and beneficially construed in advancement of the remedy, so as to secure and protect, and not defeat, the rights and objects intended by its provisions." A verdict had been rendered in that case in favor of plaintiff for $266. His attorneys had given notice to defendant of their lien, but did not state the amount. The defendant settled with plaintiff for $100, without the knowledge of his attorneys, who had not been paid. The attorneys proceeded, by motion in the action, as was done in this case, to enforce their lien, and the court found that the agreed and reasonable value of their services was $130, and the costs were $29 advanced for plaintiff, and gave the attorneys the right to recover $159 from the defendant out of funds garnished in the action. So that the amount of the

settlement did not limit the amount of the attorneys' lien enforced therein.

When the court directed judgment to be entered for $1,500 at the close of the trial, the admitted and proven facts showed collusion and fraud as a matter of law. It may be said that the very fact of making a settlement behind the back of the attorney suggests collusion. An attorney is the legal adviser and confidant of his client. The other party to the litigation knows that. He also knows that, when it comes to such an important stage of the suit as a compromise, the client needs the advice and counsel of his attorney, especially when the question is a large reduction of a favorable verdict. He should further know that the attorney, by virtue of his lien, is entitled to be considered. Fairness and common honesty would indicate that settlements of lawsuits should not be engineered in the dark, so as to permit an irresponsible or dishonest party to get away with the fruits of the attorney's work without payment for the services. In the instant case defendant seeks out and finds plaintiff in this state, and sends him away, over four hundred miles, to an attorney in a distant city to make a settlement. Its own lawyer in the action is passed by. It knows that plaintiff intends to leave this country. It claims to have settled the whole cause of action, costs and disbursements included, with the payment of $700. All thereof is paid to this crippled laborer, who is to depart for Italy, and nothing is reserved wherewith to compensate his attorney. The attorney is kept in ignorance of the settlement for almost two months; and when the attorney makes application for protection in the action, he is met by an absolute denial by defendant of any right to a lien. Not only do the facts show collusion and fraud as to the attorney, but they also indicate that plaintiff was a victim of overreaching. He had sustained a serious loss, a foot cut off above the ankle. The verdict for $3,000 was approved by the court who tried the case, and yet plaintiff is induced to settle for $700. If we assume that defendant is not entirely devoid of a sense of right, it should expect plaintiff to be honest and pay his lawyer and the expenses of the litigation. Plaintiff would then have the insignificant sum of $278.07 left as compensation for the grievous injury sustained.

We hold that the facts show so plainly a collusive and fraudulent settlement as to the attorney of plaintiff that it demanded proof from the defendant tending to show that it was made honestly, fairly, and in good faith. But no attempt was made to show that any doubtful question was involved in the appeal, or that the defendant, the corporation of Butler Brothers, was not amply able to respond to any judgment that might be entered upon the verdict returned, nor was there any testimony offered that plaintiff himself had been fairly dealt with in the making of the settlement; the undisputed facts showing the contrary.

The authorities cited and relied on by defendant are not opposed to the views here expressed. In Peri v. New York, 152 N. Y. 521, 46 N. E. 849, a judgment of $5,000 and costs, after levy upon sufficient property to satisfy the same, was compromised by the plaintiff without the knowledge of his attorney for $4,200. It is inferred that the attorney sought to maintain his lien to the extent of one-half of the amount settled for, but no question seems to be raised as to the right to insist on one-half of the judgment. While the court fully recognizes the right of a litigant to settle, and that the attorney cannot stand in the way, it uses this significant language:

"The settlement of a litigation ought, in fairness, to be made with full knowledge of plaintiff's attorney and under conditions protecting his lawful lien. If he seeks to take an unfair advantage of a desire to settle, he is, as an officer of the court, under its constant scrutiny and control, and will be confined in his lien to his taxable costs and such additional amount as he may be able to duly establish by agreement, express or implied."

In Fischer-Hansen v. Brooklyn, 173 N. Y. 492, 66 N. E. 395, the action had not been tried. Plaintiff settled for $1,500, without his attorney's knowledge, and left for Norway. He had agreed to pay one-half of the amount recovered. The attorney sought to enforce a lien to the extent of $750 only. The court holds that "the right of the parties to thus settle is absolute, and the settlement determines the cause of action and liquidates the claim. * * * Of course, we do not refer to dishonest settlements made to cheat attorneys, which the courts will brush aside with a strong hand, but to honest

settlements, made in good faith, because the client preferred something certain in hand to the uncertainty of protracted litigation. Such settlements are not prohibited by the existence of the attorney's lien. The legislature did not intend to make the lien the chief thing, nor to compel the client to abdicate his position as principal in favor of the agent or attorney whom he employed in order to secure his rights. · It did not intend to prevent him from dealing with his own property as he saw fit, provided he exercised his honest judgment and took no advantage of his attorney. In this case the plaintiff [the attorney], by standing on the settlement, admits that it was made in good faith, and thus confirms his lien upon the proceeds, which was not defeated by payment to his client, for the defendant paid at its peril."

Whitwell v. Aurora, 139 Mo. App. 597, 123 S. W. 1045, cited by defendant, has no application, since the plaintiff, and not the attorney, endeavored to set aside the settlement. Boyd v. Chase, 135 Mo. App. 115, 115 S. W. 1052, was a compromise after the verdict obtained had been set aside. In Curtis v. Metropolitan, 118 Mo. App. 341, 94 S. W. 762, the court expressly found that there was no fraud or collusion.

Error is assigned upon the allowance of $71.93, costs and disbursements advanced, in addition to the $1,500 for which the applicant was entitled to a lien. But we are of opinion that appellant is not in a position to question the action of the trial court in that respect.

At the trial on October 24, 1911, the court, after the evidence was in and each party moved for a directed verdict, dismissed the jury and directed that the dismissal of the action be set aside, that the case proceed to judgment for $1,500 and interest since the rendition of the verdict in favor of plaintiff and against the defendant, such judgment to stand as the property of the attorney, the applicant, and that he have execution therefor, as above stated. On December 7, 1911, defendant made a motion for a new trial, to be heard December 23, 1911, specifying three grounds therefor: (1) That the order of the court in discharging the jury and directing judgment for applicant is contrary to law; (2) errors of law occurring at the trial; and (3) in ordering judgment against defendant for $1,500, or any

other amount, and that such judgment stand as the property of applicant. The record shows that both parties submitted the motion without argument to the court. It was denied December 26, 1911. Thereafter the court, on December 30, 1911, made and filed findings of fact and conclusions of law, wherein is recited that they were made in response to a motion by the applicant to amend the original direction for the entry of judgment, so as to include the $71.93 costs and disbursements advanced for plaintiff in the amount of the judgment; the court finding that this sum was advanced by the applicant at plaintiff's request because he was without funds to carry on the litigation. These findings were ordered filed nunc pro tunc as of December 23, 1911. On January 5, 1912, the defendant moved to amend the findings of fact and conclusions of law made as aforesaid, so as to allow judgment for $350, and no more.

Upon this record we are of the opinion that the court's action upon the applicant's motion to add the $71.93 to the recovery cannot be considered. When the motion for a new trial was made, this item was not allowed. Defendant's motion to amend the findings went to a recovery of $350, and no more, and was properly denied. Moreover, the order to amend the findings is not appealable. Rogers v. Hedemark, 70 Minn. 441, 73 N. W. 252; Lamprey v. St. Paul & Chicago Ry. Co. 86 Minn. 509, 91 N. W. 29; Peterson v. Hutchinson, 98 Minn. 452, 107 N. W. 1124. Nikannis Co. v. City of Duluth, 108 Minn. 83, 121 N. W. 212.

The result is that the appeal from the order denying defendant's motion to amend the findings of fact and conclusion of law is dismissed, and the order denying defendant's motion for a new trial is affirmed.