# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-3291 and 03-3399

_____

| | | |
|---|---|---|
| Gas Aggregation Services, Inc., doing business as Gas Services, Inc., | * * * | |
| Plaintiff-Appellant/ Cross-Appellee, | * * * | |
| v. | * * | |
| Howard Avista Energy, LLC; Howard Energy Marketing, Inc.; | * * * | Appeals from the United States District Court for the District of Minnesota. |
| Defendant Third Party Plaintiff-Appellees/ Cross-Appellants, | * * * * | |
| Manjit Bajwa, also known collectively as "GSI," | * * * | |
| Third Party Defendant-Appellant/ Cross-Appellee. | * * | |

_____

Submitted:  October 22, 2004
Filed:  November 10, 2004

_____

Before BYE, LAY, and GRUENDER, Circuit Judges.

_____

LAY, Circuit Judge.

Gas Aggregation Services, Inc. ("GSI") is a Minnesota corporation that specializes in providing natural gas to utilities in Minnesota and elsewhere. Howard Avista Energy, LLC, and Howard Energy Marketing, Inc. ("Howard") are Delaware corporations with their principal place of business in Michigan. Howard buys and sells large quantities of natural gas and provides gas services to utilities throughout the Midwest. This is the second time the parties are before us on appeal. *See Gas Aggregation Services, Inc. v. Howard Avista Energy, LLC.*, 319 F.3d 1060 (8th Cir. 2003).

Initially, the parties presented evidence and arguments to an arbitration panel.[1] The panel issued an award and later a supplemental award in favor of GSI. GSI moved the district court to confirm the arbitration award. The district court vacated significant portions of the arbitration panel's award including portions of GSI's general trading account, attorneys' fees, costs, and the pre-judgment interest award.

The primary focus of this second appeal relates to the award of the arbitration panel on the NSP receivable of $600,000 to GSI. The arbitration panel held that the NSP receivable of $600,000 should be retained by GSI. The arbitration panel also awarded GSI $142,196 in interest on the NSP receivable. The district court in its order of January 24, 2002, recited that Howard moved to vacate the award as to the NSP receivable to GSI because the arbitration panel lacked jurisdiction over the $600,000 receivable which was the subject of the Ramsey County interpleader suit. However, the district court concluded that the panel's award of the NSP receivable was proper and confirmed that award. The district court's confirmation of this holding of the arbitration panel was not appealed by Howard. On the first appeal to this court, we specifically noted that the district court confirmed this portion of the

---

[1]In April 1999, GSI filed a complaint against Howard in the district court alleging Howard had violated the Minnesota Consumer Fraud Act. GSI and Howard subsequently agreed to submit the dispute to binding arbitration.

arbitration award and the district court's decision regarding the award was not challenged in this court on appeal. Therefore, we did not address it. *Gas Aggregation Services, Inc.*, at 1065 n.5.[2]

In the prior appeal, this court vacated portions of the district court's judgment but confirmed the arbitration panel's decision as to the award for loss of business damages and portions of the general trading account. In our mandate, we remanded the case to the district court, and it then calculated an the award to GSI in the amount of $2,105,392.25. However, the district court went further and held for the first time that the $600,000 NSP receivable should be credited towards Howard's payment of GSI's award.[3] GSI filed a timely motion under Federal Rule of Civil Procedure 59(e)

---

[2]In the prior appeal, we agreed with the district court that the pre-judgment interest award found by the arbitration panel should be vacated. The pre-judgment interest on the award as a whole was vacated *sub silentio* by this court on the basis that the damages were not "ascertainable." However, the Minnesota Supreme Court has now approved pre-judgment interest on any award whether ascertainable or not. *See Schwickert, Inc. v. Winnebago Seniors, Ltd.*, 680 N.W.2d 79 (Minn. 2004). Thereafter, the district court awarded pre-judgment interest on the award as a whole. Howard originally cross-appealed on this issue but has now dismissed the cross-appeal because of the ruling of the Minnesota Supreme Court.

On remand the district court generally assumed that our opinion included the interest on the NSP receivable. However, the arbitration panel determined that the interest on the NSP receivable was separate from the general pre-judgment interest award. We note that the interest award on the receivable was not raised on the first appeal nor was the issue of the NSP assignment. The pre-judgment interest award on the judgment as a whole was determined by state law computed at simple interest rates as set forth in Minnesota Statute § 529.09. This award is clearly distinguishable from the interest on the receivable which was to be computed at nine and one-half percent, totaling $142,196.

[3]We are unaware that the mandate directed the district court to make such a determination.

for an order amending or altering the judgment to correct the district court's order that the $600,000 NSP receivable should be construed as a credit in Howard's favor. The district court denied the 59(e) motion.[4]

We find that the district court has erred on the modification of the NSP receivable. As earlier stated, the district court's January 24, 2002, order rejected a claim by Howard that the award of the NSP receivable was outside the proper scope of arbitration and affirmed the NSP receivable to GSI.

We move to the merits of the case. We hold the district court erred when it held that the NSP receivable should be credited to Howard's payment of the arbitration award. On remand from this court, the district court was still faced with the arbitration panel's ruling. By holding that the award of the receivable was proper, but that it must nevertheless be credited in favor of Howard as to the ultimate judgment, the ruling of the district court gives monies to GSI with one hand but takes the monies away with its other hand. Our ruling that the district court erred in this regard relates to the limited power that the district court possesses in reviewing an arbitration award. The district court may not review the arbitration award simply because it may disagree with the arbitration panel. Its review of the award is very limited. As we stated in our first opinion, "an arbitration award will be vacated only where it is 'completely irrational or evidences a manifest disregard for the law.'" *Gas Aggregation Services, Inc.*, at 1065 (quoting *Hoffman v. Cargill Inc.*, 236 F.3d 458,

---

[4]Howard's Rule 59(e) motion sought to have the district court set-off an additional $612,000 against the award. This additional $612,000 represents the remainder of the $1,212,000 NSP receivable that GSI assigned to Howard as collateral for gas that was never delivered to GSI. After Howard breached its contract with GSI by failing to deliver the gas, GSI obtained $612,000 from NSP, but NSP deposited the remaining $600,000 in an interpleader action with the Ramsey County district court. We agree with the district court that Howard may not use a Rule 59(e) motion to challenge this new claim relating to Howard's attempt to obtain credit for the $612,000 previously given to GSI by NSP.

461 (8th Cir. 2001)). The arbitration panel found that the NSP receivable should be awarded outright to GSI. The arbitration award contained no qualification to such finding nor was there any other suggestion or inference to be found in the arbitration holding that the NSP receivable should be credited to Howard.

Rather, the following reasons demonstrate that the arbitration panel considered the NSP receivable to be the property of GSI. First, the panel stated that GSI should "retain" the receivable, which clearly indicates that the receivable was GSI's in the first place. Second, the arbitration panel awarded pre-judgment interest on the NSP receivable to GSI, an award that only makes sense if the receivable was GSI's property. Third, the panel listed the interest on the receivable, but not the receivable itself amongst the awards for GSI. Fourth, the panel stated that all claims of Howard are denied, including by implication Howard's claim to the NSP receivable.

On the basis of the above reasons, we reverse the portions of the district court's order related to the $600,000 NSP receivable and the pre-judgment interest of $142,196 awarded to GSI on the receivable.[5]

Accordingly, we direct the district court to enter judgment in favor of GSI as follows:

(1)    $466,945.25 for joint venture damages;

(2)    $679,000 for general trading damages;

(3)    $959,447 for loss of business damages;

(4)    the retention of the $600,000 NSP assignment and the award of $142,196 for pre-judgment interest on the NSP

---

[5]Howard originally filed a cross-appeal on the pre-judgment interest, but later dismissed that cross-appeal.

receivable; we vacate the district court's judgment which awarded Howard with the NSP $600,000 receivable as an offset to any money owed by Howard to GSI;

(5)     the pre-judgment interest on the award as a whole as determined by the district court.

On this basis, the judgment of the district court entered on July 10, 2003, is AFFIRMED in part and REVERSED in part.

_____