# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-3833/06-1596

_____

| | | |
|---|---|---|
| Gas Aggregation Services, Inc., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Howard Avista Energy, LLC; Howard | * | |
| Energy Marketing, Inc.; | * | |
| | * | Appeal from the United States |
| Defendants, | * | District Court for the District |
| | * | of Minnesota. |
| Thomas A. Foster; | * | |
| | * | |
| Movant Below - Appellee, | * | |
| | * | |
| Howard Avista Energy, LLC, | * | |
| | * | |
| Third Party Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Manjit Bajwa, | * | |
| | * | |
| Third Party Defendant - | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2006
Filed: August 10, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

BYE, Circuit Judge.

Gas Aggregation Services, Inc. (GSI) appeals the district court's[1] August 24, 2005, order confirming an attorney's lien in favor of Thomas A. Foster, and ordering GSI to pay attorney's fees incurred by Foster in perfecting the lien. GSI also appeals the district court's order of January 26, 2006, ordering enforcement of the attorney's lien and award of attorney's fees. We affirm.

I

In 1999, GSI, through its owner, Manjit Bajwa, hired attorney Thomas A. Foster to represent it in an action in the federal district court of Minnesota (the federal action) to recover approximately $2,000,000 from Howard Avista Energy, LLC (Howard). While the federal action was pending, Northern States Power Company (NSP) brought an interpleader action in Minnesota state court (the state action) asking the court to determine whether GSI or Howard should receive a $600,000 receivable held by NSP. Foster represented GSI in both actions.

The federal action was arbitrated and, following an appeal to this court, judgment was entered in favor of GSI for $2,105,392.25, plus interest. See Gas Aggregation Servs., Inc. v. Howard Avista Energy, L.L.C., 319 F.3d 1060 (8th Cir. 2003) (reversing in part and affirming in part the district court's vacation of arbitration award). Following the successful appeal, a fee dispute arose between Bajwa and Foster, and Bajwa threatened to sue Foster for malpractice. On the advice of his malpractice insurer, Foster withdrew from further representation of GSI. Foster then

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

moved the state court, pursuant to Minn. Stat. § 481.13 (2002) and the parties' arbitration agreement, to establish a lien on the $600,000 receivable held by the court and on whatever funds GSI would recover in the federal action.

GSI argued the fee dispute was governed by a March 13, 2002, agreement which provided for a twelve percent fee. Foster argued the dispute was governed by a February 26, 2001, agreement providing for a twenty-four percent fee. The state court held in favor of Foster and imposed a lien of twenty-four percent on the arbitration award, plus interest. The state court also ordered twenty-four percent of the $600,000 NSP receivable be held pending resolution of a second appeal which had been filed in this court. See Gas Aggregation Servs. Inc. v. Howard Avista Energy, LLC, 388 F.3d 639 (8th Cir. 2004) (awarding the $600,000 NSP receivable to GSI). GSI appealed to the Minnesota Court of Appeals arguing, among other things, the state court lacked jurisdiction to impose a lien on the recovery in the federal action. The Minnesota Court of Appeals disagreed, finding the court had subject-matter jurisdiction under Minn. Stat. § 481.13, subd. 1(c), and affirmed the attorney's lien. N. States Power Co. v. Gas Servs., Inc., 690 N.S.2d 362, 367 (Minn. Ct. App. 2004). GSI did not appeal to the Minnesota Supreme Court.

After the state district court ruled in Foster's favor, but before the state appeal was completed, Bajwa attempted to settle the fee dispute with Foster. On December 3, 2003, he sent Foster a fax stating an attorney hired to collect the judgment against Howard would be contacting Foster. The following day, Bajwa sent Foster a second fax indicating he was contemplating a global settlement with Howard, which Bajwa argued would extinguish any claim Foster had to fees on the disputed $600,000 NSP receivable. Foster then received a letter from Bajwa's attorney offering to settle the fee dispute for $146,755.96. Negotiations continued through December 2003, and Foster was told, among other things, Bajwa was attempting to settle his claim with Howard but the contemplated settlement would not involve any cash payment. Negotiations culminated with a letter from Bajwa to Foster dated December 29, 2003,

detailing the difficulties he was having in reaching a settlement with Howard. The letter stated: "Our judgment against the two insolvent companies amounts to no recovery. *If I settle* [with Howard], I will petition [appellate counsel] to release the funds to GSI based on the settlement language. My goal is to get the matter resolved *if I can*." (Emphasis added).

Contrary to these and other representations, Bajwa had settled the dispute with Howard on December 2, 2003, for a minimum cash payment of $1,661,349.99. The settlement reserved the issue of the $600,000 NSP receivable.[2] After learning of the settlement, Foster broke off negotiations and filed a motion in federal district court to collect on the attorney's lien. Foster sought disclosure of the settlement terms between GSI and Howard but was initially stymied in those efforts. Eventually, the terms of the settlement were disclosed but the action was stayed pending resolution of the second appeal involving the $600,000 NSP receivable. Once the second appeal was resolved, Foster renewed his motion to confirm the lien.

The matter was referred to the magistrate judge,[3] and Foster argued the federal district court should give full faith and credit to the state court judgment. Additionally, Foster argued he should not be limited to a lien on the amount of the settlement. Instead, because Bajwa attempted to defraud him, Foster argued the court should award a lien based on the amount of the judgment ($2,834,027.11), not the settlement ($2,261,349.99). GSI argued the court should not give full faith and credit to the state court judgment because the federal district court had exclusive jurisdiction to determine attorney's fees arising from the federal court proceedings. GSI also argued there was no evidence showing Bajwa attempted to defraud Foster because the

[2]The receivable was eventually awarded to GSI, thereby obligating Howard to pay GSI a total of $2,261,349.99.

[3]The Honorable Jonathan Lebedoff, Chief United States Magistrate Judge for the District of Minnesota.

settlement between GSI and Howard included a provision requiring Howard to withhold twenty-four percent of all payments for attorney's fees.

The magistrate judge concluded the state court and the federal court had concurrent jurisdiction over the attorney's lien issue and the state court judgment should be accorded full faith and credit. The court further concluded Bajwa's misrepresentations to Foster justified an award of fees based on the judgment, not the settlement. Finally, the magistrate judge recommended granting Foster's motion for attorney's fees incurred to enforce the lien.

The district court adopted the report and recommendation of the magistrate judge and entered an order in favor of Foster confirming the attorney's lien and awarding attorney's fees. Foster moved for entry of judgment and on August 24, 2005, the district court granted the motion as to the award of attorney's fees, but denied the motion without prejudice as to the attorney's lien. On September 8, 2005, Foster renewed his motion for entry of judgment. On September 23, 2005, before the court could rule on the renewed motion, GSI appealed the August 24, 2005, order. Thereafter, GSI argued the district court was without jurisdiction to further consider Foster's September 8, 2005, motion because the notice of appeal divested the district court of jurisdiction. The district court, however, concluded the notice of appeal was premature because no judgment had been entered on the August 24, 2005, order. On January 26, 2006, the district court granted Foster's renewed motion in part and ordered enforcement of the attorney's lien and payment of the attorney's fees. GSI appealed and the district court granted a stay pending resolution of these consolidated appeals.

On appeal, GSI argues the district court: 1) erred when it afforded the Minnesota state court judgment full faith and credit; 2) erred when it based the attorney's lien on the amount of the judgment instead of the settlement; 3)erred when it awarded attorney's fees; 4) had no jurisdiction to consider the September 8, 2005,

motion because GSI's notice of appeal divested the court of jurisdiction; and 5) should have delayed ruling on the September 8, 2005, motion pending the outcome of a state court action filed against Foster for legal malpractice.

II

A.    State Court Judgment

GSI first argues the district court erred when it afforded full faith and credit to the state court judgment.  GSI contends the federal district court had exclusive jurisdiction over the issue of attorney's fees incurred in the federal action, and therefore, the state court lacked subject-matter jurisdiction.

We review the district court's decision affording the state court judgment full faith and credit de novo.  Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 976 (8th Cir. 2001).  The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires federal courts to give state court judgments the same preclusive effect those judgments would be given in the courts of the states rendering them, Allen v. McCurry, 449 U.S. 90, 96, (1980); Tolefree v. City of Kan. City, 980 F.2d 1171, 1173-74 (8th Cir.1992), and to implement the preclusion rules of the state issuing the judgment.  Kremer v. Chem. Const. Corp., 456 U.S. 461, 482 (1982).  This general rule applies even as to questions of jurisdiction "when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment."  Durfee v. Duke, 375 U.S. 106, 111 (1963).  Accordingly, we look to Minnesota state law to determine if res judicata would bar relitigation of this issue in Minnesota state court.  Wilson v. Comm'r of Revenue, 619 N.W.2d 194, 198 (Minn. 2000); see also Harmon Indus., Inc. v. Browner, 191 F.3d 894, 902 (8th Cir. 1999) (stating federal courts look to the state law of res judicata to determine whether a state court judgment should be given preclusive effect in federal court under 28 U.S.C. § 1738).

In Minnesota, prior state court decisions are given preclusive effect if 1) the claim involved the same cause of action, 2) there was a judgment on the merits, 3) the claim involved the same parties or their privies, and 4) the party against whom res judicata is being applied had a full and fair opportunity to litigate the matter in the prior proceeding. Wilson, 619 N.W.2d at 198. Applying these rules, it is apparent res judicata bars relitigation of this issue in federal court. The prior claim involved the same cause of action, there was a judgment on the merits, and the parties are identical. Further, it is undisputed the Minnesota Court of Appeals considered the issue of subject-matter jurisdiction and determined the state courts had jurisdiction under Minn. Stat. § 481.13, subd. 1(c). Finally, the judgment became final when GSI did not appeal to the Minnesota Supreme Court. Thus, the matter was fully and fairly litigated, and GSI is precluded under res judicata from relitigating the issue in this appeal. Id. at 113-14.

GSI argues this case falls outside the general rule and we should reconsider the state court's decision regarding subject-matter jurisdiction. In particular, GSI argues the state court's holding improperly deprived the federal court of the opportunity to resolve the fee dispute which arose out of the federal action, thereby infringing on the authority of the federal court.

"To be sure, the general rule of finality of jurisdictional determinations is not without exceptions. Doctrines of federal pre-emption or sovereign immunity may in some contexts be controlling." Id. at 114 (citations omitted). Here, no such concerns are present, and the general rule controls. Further, GSI fails to explain how affording full faith and credit to the state court judgment substantially infringes on the authority of the federal court. Accordingly, we affirm the district court's order affording full faith and credit to the state court judgment.

B.     Amount of the Lien

GSI next argues the district court erred when it based the attorney's lien on the amount of the judgment instead of the settlement.

Generally, a client may settle a case and stop the litigation at any stage in the proceedings.  Desaman v. Butler Bros., 136 N.W. 747, 748 (Minn. 1912).  In such cases, an attorney's lien extends only to the settlement proceeds.  Wildung v. Sec. Mortgage Co. of Am., 173 N.W. 429, 430 (Minn. 1919).  "Fairness and common honesty [however] would indicate that settlements of lawsuits should not be engineered in the dark, so as to permit an irresponsible or dishonest party to get away with the fruits of the attorney's work without payment for the services."  Desaman, 136 N.W. at 203.  "[D]ishonest settlements made to cheat attorneys . . . will [be] brush[ed] aside with a strong hand . . . ."  Id. at 204 (quotation omitted). "[I]f there be fraud and collusion to deprive the attorney of his lien, the settlement will not be permitted to accomplish such result."  Id. at 202.  Here, the district court concluded Foster's lien should not be limited by the settlement because there was clear evidence Bajwa attempted to defraud Foster.  We agree.  The evidence demonstrates Bajwa misled Foster about the settlement in an attempt to deprive him of his fee, and we will not reward his deception.  Therefore, the district court's order basing the lien on the judgment instead of the settlement is affirmed.

C.     Attorney's Fees

GSI next argues the district court erred in awarding Foster his attorney's fees incurred in pursuing and perfecting the attorney's lien.

We review the district court's decision to award attorney's fees for an abuse of discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991). "Federal courts sitting in diversity can use their inherent power to assess attorney fees as a sanction for bad

faith conduct even if the applicable state law does not recognize the bad faith exception to the general rule against fee shifting." Lamb Eng'g & Constr. Co. v. Neb. Pub. Power Dist., 103 F.3d 1422, 1435 (8th Cir. 1997). This inherent power reaches conduct both before and during litigation as long as the conduct abuses the judicial process in some manner. A bad faith finding is specifically required in order to assess attorneys fees. Dillon v. Nissan Motor Co., 986 F.2d 263, 266 (8th Cir.1993) (citations omitted).

The district court awarded attorney's fees as a sanction for Bajwa's attempts to conceal the settlement and to misrepresent its terms. In doing so, the court made a specific finding of bad fath on the part of GSI/Bawja. Because there is abundant evidence to support the district court's finding of bad faith, we affirm the award of attorney's fees.

D.     Premature Notice of Appeal

GSI next contends the district court was without jurisdiction to rule on Foster's September 8, 2005, motion to enforce the attorney's lien because GSI appealed the August 24, 2005, order. According to GSI, its notice of appeal divested the district court of jurisdiction. The district court concluded GSI's notice of appeal was premature because no judgment was entered on the August 24, 2005, order, and therefore, there was no final appealable order. We agree. The district court's August 24, 2005, order directed payment of attorney's fees but denied, without prejudice, Foster's request for entry of judgment on the attorney's lien. No judgment was entered on a separate document as to either award. Thus, the order was not final and appealable, and GSI's notice of appeal did not divest the district court of jurisdiction.

E.      Malpractice Action

GSI's final argument is the district court erred in refusing to stay these matters pending the outcome of a state court action by GSI against Foster for malpractice.

Minnesota law does not require a court to entertain claims of legal malpractice when deciding the amount of an attorney's lien. Thomas A. Foster & Assoc. LTD v. Paulson, 699 N.W.2d 1, 8 (Minn. Ct. App. 2005). In other words, assuming Foster committed malpractice, those issues need not be resolved before a court can rule on the issue of an attorney's lien. Therefore, there was no legal impediment to the district court's decision to go forward with confirming and enforcing the lien. Accordingly, we affirm the district court's refusal to hold the federal proceedings in abeyance pending the outcome of the state court malpractice action.

## III

The order and judgment of the district court are affirmed.

_____