JOSHUA HULL, Respondent, v. THOMSON TRANSFER COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1909.

1. NEGLIGENCE: Proximate Cause: Runaway Team. Defendant's driver hauling drums of carbonic acid gas stopped in the street to feed his team, removing the bits from the horses' mouths. One of the drums exploded and the team ran away. Plaintiff hearing the cry of "runaway" let his children out of his conveyance and seeing two runaway teams, and believing them to be all, started in behind them, when he was overtaken by plaintiff's team and injured. *Held,* the explosion was not the proximate cause of the injury but the negligent feeding of the team in the street.

2. ————: ————: ————: Negligence. *Held,* the fact that plaintiff might have turned in some other direction and avoided the accident did not constitute contributory negligence, since a person in peril from the negligence of another is not required to adopt the safest and best course to avoid injury but is only required to act with ordinary prudence.

3. ————: Runaway Team: Evidence: Instruction. *Held,* evidence sufficiently shows that the accident occurred within the limits of Kansas City; *held,* further, objections to the action of the court on instructions are not well taken.

Appeal from Jackson Circuit Court.—*Hon. William P. Borland,* Special Judge.

AFFIRMED.

*G. L. Walls* for appellant.

(1) Plaintiff was, in law, guilty of contributory negligence, in not leaving his buggy at the time his three children did, or in not turning and driving north; and in driving in front of defendant's team. Diamond v. Kansas City, 120 Mo. App. 188; Zumault v. Railway, 175 Mo. 288; Moore v. Railway, 176 Mo. 528; Wolfskill v. Railway, 8 Am. Neg. (1 Cal. case). (2) The only evidence that Missouri avenue and Delaware street were public streets consists of plaintiff's answers yes to leading questions put to him by his attorney, all of which were objected to by defendant's attorneys, and the voluntary statement of the trial court. The existence of public streets cannot be proved that way. Beaudeau v. Cape Girardeau, 71 Mo. 396; Zimmerman v. State, 4 Ind. App. 583, 31 N. E. 550; Railway v. Greenup County, 12 Ky. Law, 46. (3) Plaintiff's instructions are erroneous. Schwend v. Transit Co., 105 Mo. App. 536; Walker v. Railway, 106 Mo. App. 326; McKinster v. Transit Co., 108 Mo. App. 12; Pentoney v. Transit Co., 108 Mo. App. 681; Ballard v. Kansas City, 110 Mo. App. 391; Plaintiff's Instruction 4; Root v. Railway, 195 Mo. 348. (4) Instruction 5 asked for by de-

fendant should have been given. Hall v. Huber, 61 Mo. App. 386; Groom v. Kavanagh, 97 Mo. App. 366.

*Austin & Austin* for respondent.

(1) The question of contributory negligence is peculiarly a question for the jury, and in a case of this character. Hall v. Huber, 61 Mo. App. 384; Siegrist v. Arnot, 10 Mo. App. 197; Root v. Railway, 195 Mo. 348; Kleiber v. Railway, 107 Mo. 247; Bischoff v. Railway, 121 Mo. 225; Boyd v. Springfield, 62 Mo. App. 456; Maus v. Springfield, 101 Mo. 613; Sandifer v. Lynn, 52 Mo. App. 563; Bannock v. Elmore, 114 Mo. 55; Robertson v. Railway, 84 Mo. 119; Judd v. Railway, 23 Mo. App. 56. (2) There is no error in plaintiff's instruction 1, as defendant's refused instruction 5. (3) There was no error in refusing this instruction 5, as the same was covered by the court in defendant's instructions 3 and 4.

BROADDUS, P. J.—The plaintiff sued for damages for personal injuries received it is alleged by reason of the negligence of a driver of defendant, Thomson Transfer Company. Plaintiff recovered judgment against defendant in the sum of $500.

The driver had stopped in Missouri avenue, in Kansas City, Missouri, to allow his team to eat its noon-day feed. He had removed the bits from the horses' mouths and, plaintiff's evidence was, had removed the bridles and they hung upon the hames. The wagon was loaded with drums of condensed liquid carbonic acid gas. The safety valve, a contrivance to enable gas to escape and avert an explosion, was blown off of one of the drums, making a loud noise. The team became frightened and ran away. The driver and another ran to the heads of the horses and endeavored to stop them, but to no purpose. The horses ran down Missouri avenue, to Main street, along which plaintiff

was traveling at the time in a two-seated buggy. He heard cries of "Runaway" and had his children get out. He looked up and saw two teams coming in a run down Missouri avenue and turned his horse towards the east into the avenue to allow them to pass. Thinking they were the runaways, he proceeded on his journey, but, hearing more cries, looked up again towards the west and back of him and saw the defendant's team coming down upon him, which was following the same course as the two teams he had thought were running away. He whipped up his horse, but the team ran into the rear end of the buggy throwing him out and injuring him. This was his version.

Defendant insists that the explosion, and not the negligence of defendant's driver in leaving the team unsecured, was the proximate cause of the plaintiff's injury and for support of his theory relies upon the rulings in Saxton v. Railway, 98 Mo. App. 494, and Insurance Co. v. Boon, 95 U. S. 117. We think they overthrow its theory. There was an intervening cause between the explosion and the injury, viz., the negligence of the driver, without the occurrence of which the team would not have escaped and run away. Under the rule in Saxton v. Railway, *supra,* the proximate cause is the one "which in the natural and continuing sequence, unbroken by an intervening cause, produces the injury and without which the result would not have happened."

Defendant relies mainly on the ground that plaintiff was guilty of contributory negligence. We think that is equally untenable. Defendant states the matter thus: "If plaintiff had left his buggy when his three children did, he would not have been injured." If he had not driven his horse south after the first two teams had passed, but had remained still, he would not have been injured; or, if he had turned and driven north, he would not have been injured. Admitting all

this to be true, we .think plaintiff was not guilty of contributory negligence. In the first instance, he would not have been justified in abandoning his horse in the street under the circumstances, as it would in all probability have run away and injured some one else. In the second instance, plaintiff, having seen the two other runaway teams, or what he thought were runaway teams, pass and not knowing that defendant's team was also running in his direction, drove on without apprehension of further danger and became aware of it too late to get out of the way. This is an answer to the rest of defendant's premises. At most, it was a question for the jury. It is the rule that when a person is placed in a situation of impending peril by the negligence of another and does not adopt the safest and best course to avoid injury, but acts as an ordinarily prudent person might be expected to act under similar circumstances, he is not guilty of contributory negligence. [Root v. Railway, 195 Mo. 348; Bischoff v. Railway, 121 Mo. 216.]

The point is made that plaintiff did not prove that the injury was inflicted within the corporate limits of Kansas City. That was not important as the locality was sufficiently described. But there was evidence that Missouri avenue was within the city limits and, as the injury occurred at its intersection with Main street, we may safely infer that Main street was also in the city limits.

Defendant's objections to instructions 1, 2 and 4, given for plaintiff are not well taken.

Defendant complains of the action of the court in refusing instruction 5. The instruction is well enough and, if there had been any evidence of contributory negligence, it ought perhaps to have been given. However, under the evidence and construing it the most unfavorably to the plaintiff, as a matter of law he was not guilty of the slightest negligence.

All other alleged errors we believe to be unimport-. ant. The verdict was for the right party and ought to be affirmed, and it is so ordered. All concur.