ADOLPH G. KRAEMMERER, Plaintiff, v. ST. LOUIS ELECTRIC TERMINAL RAILWAY COMPANY, (Defendant) Appellant and Respondent, BARTLEY & DOUGLASS, (Moveants) Appellants and Respondents.

St. Louis Court of Appeals. Opinion Filed March 4, 1919.

ATTORNEY AND CLIENT: Fees: Contingent Fees: Contracts: Basis of Calculating Sum Due: Compromise and Settlement. Where plaintiff, in an action for personal injuries, recovered a judgment and his attorneys had a contract with him for one-third thereof, and plaintiff, without the knowledge of his attorneys, effected a compromise and settlement with defendant of his own part of the judgment; a written agreement, which was a part of such compromise and settlement, whereby defendant was to pay plaintiff's attorney's fees, not exceeding a certain sum, was not binding on plaintiff's attorneys, they not being parties thereto, and under Section 964, Revised Statutes 1909, defendant is liable for plaintiff's attorney's fees, in an amount equal to one-half of plaintiff's share of the settlement.

201 M. A.—20

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED (*with directions*).

*Anderson Gilbert & Hayden*, for appellant St. Louis Electric Terminal Railway Company.

(1) An attorney, seeking to recover under either section of the attorneys' lien statute (R. S. 1909, sections 964 and 965) must prove that there was in existence a valid contract of employment between him and his client whereby he was retained to represent the client, and he must also show the terms of such contract. R. S. 1909, sections 964 and 965; Young v. Renshaw, 102 Mo. App. 173; Yonge v. Transit Company, 109 Mo. App. 235; Curtis v. Street Railway Co., 118 Mo. App. 341; S. C., 125 Mo. App. 369; Boyd v. Mercantile Co., 135 Mo. App. 115; Beagles v. Robertson, 135 Mo. App. 306; Wait v. Railway Co., 204 Mo. 491; Taylor v. Transit Company, 198 Mo. 715; O'Connor v. Transit Co., 198 Mo. 622; Taylor v. Railroad, 207 Mo. 495; Whitecotton v. Railroad, 260 Mo. 624. (2) In a case in which an attorney is entitled to recover under the attorney's lien statute, where the evidence show that, in effecting a settlement with his client, the defendant or prospective defendant agreed to pay the attorney his fee and withheld the amount of such fee from the client, the attorney is entitled to recover only his percentage of the amount paid to the client. Boyd v. Mercantile Company, 135 Mo. App. 115; Yonge v. Transit Company, 109 Mo. App. 235; Taylor v. Transit Company, 198 Mo. 715; O'Connor v. Transit Company, 198 Mo. 622; Taylor v. Railroad, 207 Mo. 495; Whitecotton v. Railroad, 260 Mo. 624. (3) The burden was upon Bartley & Douglass to establish upon the hearing of their motion, all of the material averments therein which would entitle them to recover. Authorities cited under Subdivisions 1 and 2. (4) Especially was the

burden imposed upon the moveants herein to prove that H. C. White was the agent of the St. Louis Electric Terminal Railway Company, with authority to bind that company in any agreement which he may have attempted to make to pay the fee of these attorneys. Mathes v. Lumber Co., 173 Mo. App. 239; Wade v. Boone, 184 Mo. App. 88; Matlack v. Paregoy, 188 Mo. App. 95; McGraw v. O'Neil, 123 Mo. App. 691; Alt v. Grosclose, 61 Mo. App. 409. (5) An agency cannot be created by the mere declaration of a person assuming to act as an agent, nor by his mere acts; and, to give a declaration of an agent probative force, there must be independent evidence of the agency. Bank v. Rowell, 182 S. W. 989; Stenson v. Lancaster, 178, Mo. App. 340. (6) Where evidence is objected to and the court, in the trial of a proceeding of this character, announces that the evidence will be received "subject to objection," and his action in thus receiving it is excepted to, and there is not thereafter any specific ruling on the objection, the evidence will be considered as admitted and the admission thereof is reversible error. Morrison v. Turnbaugh, 192 Mo. 427, 441; Seafield v. Bohne, 169 Mo. 537, 546; Asbury v. Nicklin, 181 Mo. 658, 670; Sieferer v. City, 141 Mo. 586; Stone v. Frey, 191 Mo. App. 607, 612. (7) In this case the movants claimed to have a contract whereby they were employed by one Kaemmerer to represent him in a suit against defendant, their compensation to be one-third of any amount recovered therein; a settlement was effected with Kaemmerer for $7000. It is claimed there was an agreement to pay movants one-third of that amount, but it was not paid to Kaemmerer. He received only $7000. Therefore, under the Attorney's Lien Statute, the fee of movants could not exceed one-third of $7000 and the judgment being for more than that sum should be reversed. Boyd v. Mercantile Co., 135 Mo. App. 115; Whitecotton v. Railroad Co., 260 Mo. 624; Yonge v. Transit Co., 109 Mo. App. 235.

*Bartley & Douglass* for movants.

(1) Where the defendant settles a judgment with a plaintiff on which an attorney has a lien for a fee without the knowledge or consent of the attorney, and it is agreed that the amount paid the plaintiff is only the plaintiff's part (%) and does not include the attorneys' fees, then the defendant still retains in its possession the attorneys' per cent of the claim, presumably for its protection. If the contract for attorneys' fees is a 33⅓ per cent contract, then the client has been paid 66⅔ per cent, or double the amount which the defendant has held back for the attorneys. See: Curtis v. Met. St. Ry. Co., 118 Mo. App. 341; Curtis v. Met. St. Ry. Co., 125 Mo. App. 369; Boyd v. Mercantile Co., 135 Mo. App. 115; Whitecotton v. Railroad, 250 Mo. 624; Wait v. Railroad, 204 Mo. 491; Mytton et al. v. Railroad, 198 S. W. 189; Johnson v. Railroad, 128 Minn. 365, L. R. A. 1917B 1140. (2) Where the defendant settles with plaintiff without knowledge or consent of the attorney who has a lien for his fees after judgment is obtained and judgment satisfied a motion by the attorney to set aside satisfaction of judgment and to award execution is a proper remedy. Wait v. Railroad, 204 Mo. 491; Nicola v. American Car & Fdry. Co., 185 Mo. App. 285. (3) Doctors' bill paid to doctors is a part of the settlement received by plaintiff. Railroad Company v. Marshall, 184 S. W. 643 (Texas). (4) Moveants are not parties to the "agreement" made by plaintiff and defendant regarding attorneys' fee and are not bound thereby. See cases under Point Number One, supra. (5) Oral evidence is admissible to show what were the real terms of the settlement between plaintiff and defendant. Boyd v. Mercantile Co., 135 Mo. App. 115; Mytton et al. v. Railroad, 198 S. W. 189; McKim v. Met. St. Ry. Co., 196 Mo. App. 544. (6) The Western Illinois Accident Association is the *alter ego* of defendant. Phillips v. Railroad, 211 Mo. 419 (436).

BECKER, J.—Adolph G. Kaemmerer, plaintiff below, brought suit against the St. Louis Electric Terminal Railway Company and others, for damages for personal injuries, on the 19th day of May, 1915, by filing his petition in the circuit court of the city of St. Louis. The cause was there tried to a jury and on May 5, 1916, the jury returned a verdict for plaintiff and against the defendant in the sum of $17,500. After an unavailing motion for new trial the defendant perfected its appeal to the Supreme Court. After the appeal had been taken a compromise of the suit and judgment was effected, resulting in defendant below dismissing the appeal in the Supreme Court, and on October 29, 1917, the mandate dismissing the appeal was filed and satisfaction of the judgment acknowledged in the circuit court.

The compromise of the suit and satisfaction of the judgment were effected without the knowledge of the plaintiff's attorneys. Upon learning of the compromise and the entry of the satisfaction of judgment in the circuit court, the attorneys for the plaintiff filed a motion in the circuit court asking for an order setting aside the satisfaction of the judgment and awarding them an execution on said judgment for the amount of their attorneys' fees against the defendant, St. Louis Electric Terminal Railway Company. Upon the hearing thereof judgment was rendered in favor of the attorneys for plaintiff and against the said defendant for the sum of $3237.45. In due course the attorneys for the plaintiff, as well as the defendant excepted to this judgment and each lodged their appeal in this court.

At the hearing of the motion below the attorneys for plaintiff offered in evidence the original files in the case of Kaemmerer v. St. Louis Electric Terminal Railway Company, together with the minutes of the proceedings in said case, and then offered evidence tending to prove that Kaemmerer obtained judgment against the St. Louis Electric Terminal Railway Company in the sum

of $17,500, and that said judgment had been satisfied of record; that they, as attorneys, had represented Kaemmerer at the trial of the cause and had a contract that they were to receive a fee of thirty-three and one-third per cent of any amount realized upon said claim by suit or settlement, and that their fee had not been paid.

Plaintiff, Kaemmerer, was a witness for his attorneys and testified that one H. C. White came to him with the object of effecting a settlement of his judgment against the defendant; that he told White he was willing to sign a release provided he would receive $7000 for himself; that as to the $7000, White said: "This is for you." Kaemmerer replied: "The only way I will sign any papers is if I have something to show that Bartley & Douglas will be paid." Thereupon White, referring to the written release, said: "There is nothing in there; I will have to give you a separate agreement to that effect." According to Kaemmerer he agreed to this, stating: "If you give me a separate agreement that I will get $7000 clear. I want to be positive that Bartley & Douglas are protected." To the question: "Did he (White) agree to pay anything else except the $7000?" Kaemmerer answered: "I told him that I won't stand anything out of this. That is what I want for myself. I won't pay any lawyer or any doctor. If you want to pay the doctors' bills, too, we can come to an agreement; otherwise we cannot. He agreed to pay the doctors." Kaemmerer testified that he then signed the release which reads as follows:

"For and in consideration of the sum of seven thousand dollars ($7000) to us in hand paid by St. Louis Electric Terminal Railway Company, the receipt whereof is hereby conclusively acknowledged, we do hereby fully and forever release, acquit and discharge the said St. Louis Electric Terminal Railway and all other corporations now or heretofore operating cars over its tracks or any part thereof from any claims, demands, causes of action and judgments which we or either of us now have or may hereafter have against

the said St. Louis Electric Terminal Railway Company, or the other corporation named, or either of them, in any way growing out of or arising from an in jury sustained by Adolph G. Kaemmerer on or about January fourth, nineteen fifteen, through a collision between a wagon on which he was riding and a car being operated on the tracks of the St. Louis Electric Terminal Railway Company in the city of St. Louis, which said accident and injury was the subject-matter of a suit brought by Adolph G. Kaemmerer against the said St. Louis Electric Terminal Railway Company, in the circuit court of the city of St. Louis, Mo., being Cause No. 97,236, in Room 2 thereof, in which a judgment was rendered in favor of Adolph G. Kaemmerer against said St. Louis Electric Terminal Railway Co., for the sum of $17,500.

"In consideration of the payment above recited, the said Adolph G. Kaemmerer fully releases, acquits and discharges said St. Louis Electric Terminal Railway Co., from all liability on account of said judgment, from which the said St. Louis Electric Terminal Railway Co., has prosecuted an appeal to the Supreme Court of Missouri, where it is now pending, and the said Adolph G. Kaemmerer agrees to enter satisfaction of said judgment.

"It is expressly understood and agreed that said sum of seven thousand dollars ($7000) is the sole consideration for this release and the consideration stated herein is contractional and is in full satisfaction of any and all causes of action rising out of the subject matter aforesaid against any and all persons and corporations whomsoever, and the consideration aforesaid is not a mere recital, and that all agreements and understandings between the parties are embodied and expressed herein.

"In witness whereof, we have hereunto set our hands this, the 18th day of August, 1917.

ADOLPH G. KAEMMERER,<br>MARY E. KAEMMERER.

"The foregoing agreement was read in the presence of the undersigned by the above named Adolph G. Kaemmerer and Mary E. Kaemmerer, his wife, who said that they understood the same, and that they knew that in signing it they were signing away their right and the right of each of them to any claim or demand for any injuries theretofore sustained by Adolph G. Kaemmerer; that they were satisfied with the settlement and had signed the same of their own free will.

H. C. WHITE,<br>
TONY KAEMMERER."

White thereupon gave him an agreement in writing, as follows:

"The Western Illinois Association promises and agrees to protect and indemnify Adolph G. Kaemmerer against any claim or suit by one Bartley & Douglass, attorneys-at-law, of St. Louis, Missouri, having an office in Federal Reserve Bank Building, for attorney fees up to and including the amount of two thousand, three hundred thirty-three dollars and thirty-four cents ($2,333.34) in a certain case tried by them for the said Adolph G. Kaemmerer in the circuit court of the city of St. Louis, Missouri, being Case No. 97,236 in Room 2 thereof.

"Further, the undersigned company agrees that if said Bartley & Douglass, attorneys, do not present claim against the said Adolph G. Kaemmerer for fees tried in the above mentioned case, but should present claim for such fees of an amount not exceeding two thousand, three hundred thirty-three dollars and thirty-four cents ($2,333.34) against the St. Louis Electric Terminal Railway Company for fees in the above mentioned case, or be willing to accept said amount in full for their services or fees in connection with said case and fully release both the said Adolph G. Kaemmerer and the St. Louis Electric Terminal Railway Company from any further claim for fees in connection with said case or for services rendered by them to the said Adolph G. Kaemmerer in connection with said case,

MARCH TERM, 1919.     313

Kraemmerer v. St. Louis Elec. Term. Ry. Co.

it will pay to said Bartley & Douglass, attorneys, the sum of two thousand, three hundred thirty-three dollars and thirty-four cents ($2,333.34).

"Signed at St. Louis, Missouri, this 18th day of August, 1917.

WESTERN ILLINOIS ACCIDENT ASSOCIATION,

By H. C. WHITE."

With reference to the amount of attorneys' fees he testified that White had asked him what kind of a contract he had with his attorneys and that he told White he had an agreement to pay them thirty-three and one-third per cent; that White thereupon figured it out and said $2300—one-third of $7000; that is what the attorneys would be entitled, White said, when he made out the paper to that effect. Plaintiff further testified that at the time he made the settlement his attorneys knew nothing of the matter and that up to the time of the hearing of the motion his attorneys had not been paid. He further testified that he had received the $7000 from the defendant and in addition the defendant had paid his physicians' bills, amounting to $379.

As to the fact that the agreement with reference to the payment of attorneys' fees was signed by the Western Illinois Accident Association, by H. C. White, the witness testified that he remarked to White: "Why is it, it is signed by the Western Illinois Accident Association?" and that White replied: "That is right. It is one and the same firm. That is the way we make all our settlements. That is the way we do the business."

The defendant did not introduce any testimony, and after taking the case under advisement the court sustained the motion to set aside the satisfaction of judgment and entered judgment for the attorneys of plaintiff in the sum of $3237.45.

The following memorandum filed by the learned trial judge illustrates the manner in which he arrived at the amount which, in his judgment, the attorneys for plaintiff were entitled to.

"The defendant (acting through an agent) agreed with plaintiff to pay him, in satisfaction of his judgment, $7000 in cash, to liquidate doctors' bills amounting to $379 and guaranteed to hold him harmless against attorneys' fees in the sum of $2333.34. As to the last item, I deem it equivalent to an agreement to pay $2333.34 in addition to the other two items. The defendant, therefore, settled with the plaintiff for the sum of $9712.34, and under their contracts the attorneys were entitled to one-third of this amount, and they may take an execution therefor, namely, $3237.45."

We are of the opinion that the release signed by Adolph G. Kaemmerere and Mary E. Kaemmerer, and the written agreement signed by the Western Illinois Accident Association, by H. C. White, must be read together as constituting the settlement of plaintiff's cause of action by way of compromise. As we read said release and said agreement, plaintiff was to receive in satisfaction of his judgment $7000 cash net to him and to have his physicians' fees for medical attendance, amounting to $379; paid. And in addition defendant was to pay plaintiff's attorneys $2333.34 which was the sum that plaintiff was told by White was the amount which plaintiff's attorneys would be entitled to under their contract of thirty-three and one-third per cent.

We cannot view this as an agreement to pay the entire proceeds of the settlement and depend upon the plaintiff to pay his attorneys, but as a settlement whereby the plaintiff received a sum which was to be net to him as satisfaction of his share of his judgment, with the provision that the defendant was to to pay the plaintiff any amount he might be required to pay his attorneys, not exceeding the sum of $2333.34. [Hull v. Transfer Co., 135 Mo. App. 119, 115 S. W. 1054.] We hold, however, that the defendant cannot by such an agreement with the plaintiff bind the plaintiff's attorneys, for they are not parties thereto. [Boyd v. Mercantile Co., 135 Mo. App. 115, 115 S. W. 1052;

Walt v. Railroad Co., 204 Mo. 491, 103 S. W. 60.] Therefore in our view of the case the learned trial judge erred in the method adopted by him for arriving at the amount the attorneys for plaintiff were entitled to as attorneys' fees.

It is clear to us that the terms of the settlement in point of fact were that the defendant was to pay plaintiff $7000 net for himself, $379.00 to plaintiff's physicians, exclusive of plaintiff's attorneys fees; and plaintiff's attorneys having a contract whereby they were to receive thirty-three and one-third per cent of of the total amount that plaintiff recovered, it follows that the amount paid to plaintiff for his own part of the settlement of the cause of action must necessarily be sixty-six and two-thirds per cent of the total amount of the claim. In other words, the plaintiff was to receive twice as much as his attorneys. Plaintiff by reason of the compromise having received $7379 for his share of the settlement, the attorneys for plaintiff are entitled to one-half of that amount, namely, $3689.50, for which we hold defendant is liable to plaintiff's attorneys. [Boyd v. Mercantile Co., supra.]

Whether White, with references to the agreement to pay attorney's fees on behalf of the Western Illinois Accident Association, was in point of fact the authorized agent of the defendant and acting on its behalf when he signed the paper in the name of the Western Illinois Accident Association, is not a material issue in the case in view of the fact that it is the plaintiff's attorneys and not the plaintiff who are the movers in this action. The defendant has accepted the benefits of the settlement made by White with the plaintiff, by the terms of which plaintiff received an amount in settlement of his own part of the judgment alone and exclusive of attorneys' fees, or to be more exact, attorneys' fees to be paid in addition. Under the statute defendant, under such circumstances, is liable for plaintiff's attorney fees in an amount determined by the method above set out.

The judgment is reversed and the cause remanded with directions to the court to enter judgment for the respondent, Bartley & Douglass for the sum of $3689.50 with six per cent interest from the 18th day of August, 1917.

*Reynolds, P. J.,* and *Allen, J.,* concur.